### STEELE v. THE ATLANTA LAND IMPROVEMENT COMPANY.

1. To the levy of an execution issued from a judgment against several defendants alleged in the petition upon which the judgment was rendered to be joint promissors in the contract sued upon, illegality will not lie in favor of one of them upon the ground that the contract shows upon its face that he was merely a surety and that the judgment was not rendered against him as such, where it appears that he was duly served and made no defence to the action.

2. It is not a good ground of illegality that a levy upon the property of another defendant in the judgment was dismissed by the plaintiff without an order of court, and the execution afterwards levied upon the property of the affiant. Dismissing the levy dismissed the case, and any plaintiff may dismiss his case in vacation. Code, §3447.

3. The dismissal of a levy on the lands of the principal is no ground for illegality on the part of a surety. *Manry* v. *Shepperd,* 57 *Ga.* 68.

October 31, 1892.                                   *Judgment affirmed.*

Before Judge MARSHALL J. CLARKE. Fulton superior court. March term, 1892.

A *fi. fa.* against Harrison, Lowe, Steele and Gress was levied on a city lot as the property of Gress, December 8, 1890. This levy was dismissed by plaintiff's attorneys on February 2, 1891, and the execution was levied on three city lots as the property of Steele, who interposed an affidavit of illegality which, on demurrer, was dismissed, and he excepted.

The grounds of illegality insisted on were, in brief: (1) The judgment from which the *fi. fa.* issued was illegal in that it was rendered upon a suit founded on a written contract set forth in the declaration, which contract upon its face shows that deponent was only a surety; and in said suit process was not sued out against deponent as surety, nor was the judgment rendered against deponent as surety. (2) The *fi. fa.* had been levied on

property as the property of Gress, who had interposed an affidavit of illegality which had been returned to the March term, 1891, of the superior court, and the *fi. fa.* was afterwards, in vacation, without any order of court or of the judge, withdrawn from said court and levied as aforesaid, contrary to law and the rule of court. (3) Deponent was a mere surety for Gress on the contract sued on and upon which the judgment was rendered, and the dismissal of the levy on the property of Gress, as just stated, has injured and discharged deponent and avoids the *fi. fa.* as to him.

CANDLER & THOMSON, for plaintiff in error.

CALHOUN, KING & SPALDING, *contra.*