## LANG *v.* YEARWOOD, and *vice versa.*

1. It appearing from the record and bill of exceptions that the demurrer was heard before the trial, and that the trial was concluded more than 60 days before the bill of exceptions was tendered, and no exceptions pendente lite having been filed to the judgment overruling the demurrer, this court will not consider the assignment of error in the bill of exceptions upon the overruling of the demurrer.

2. The overruling of a demurrer to a petition can not properly be made the ground of a motion for new trial. *Southern Railway Company* v. *Cook,* 106 *Ga.* 450.

3. The evidence authorized the verdict, and the assignments of error on the excerpts from the charge and on the requests to charge were, in the light of the evidence, not well founded.

4. The alleged newly discovered evidence was impeaching in its character, and the discretion of the judge in overruling the motion on this ground will not be interfered with.

Submitted July 18,—Decided December 15, 1906.

Equitable petition.　Before Judge Fite.　Gordon superior court. November 17, 1905.

The petition prayed for injunction. The defendant demurred and answered. The demurrer was overruled before the trial, which occurred at the August term, 1905, of the superior court, and resulted in a verdict for the plaintiff. The motion for new trial was presented on the 8th of September, 1905, and on the 16th of December the trial judge certified the bill of exceptions and directed the clerk to make a transcript of record for transmission to this court. The record contains no exceptions pendente lite, complaining of the order overruling the demurrer. A cross-bill of exceptions was filed to the ruling of the trial judge in overruling a motion made by the plaintiff to dismiss the defendant's motion for new trial, but, under the view taken of the case, it is unnecessary to consider the questions raised by it. The plaintiff's petition set forth that the sheriff was seeking to dispossess her of the land in dispute; that this was being done at the instance of the defendant, who had instituted proceedings for the land against one William Anderson, petitioner's father, "who had no right nor title to the land, but was only living on said land with petitioner;" petitioner had paid for the land, held it in her own right, claiming adversely to the defendant, and had been in uninterrupted and peaceable possession of the same for more than 8 years. The prayer was to enjoin the sheriff from further proceeding to dispossess petitioner.

The defendant's answer put the plaintiff on proof as to her title and right to the possession of the property, and set forth a chain of title under which defendant claimed, alleging that he received from his immediate grantor a rent contract between such grantor as landlord and William Anderson, plaintiff's father, as tenant, covering the land in dispute, and that when this contract expired he instituted proceedings to eject Anderson as a tenant holding over, and recovered a judgment against him for the premises in dispute; and charging that the present action by the plaintiff was merely for the purpose of defeating his rights under that judgment. On the trial the plaintiff testified that she bought the land in dispute, in the year 1894, from Dock Mooney, paying him a bale of seed-cotton therefor and receiving from him a deed; that this deed had never been recorded, but had been entrusted to her brother, and was probably destroyed when his house burned; that in January, 1895, she moved on the land, cleared 20 acres, built a house, and had remained on the land ever since, paying rent to no one; that her brother, John Anderson, also moved on, in the year 1895, and remained as her tenant until 1902; that she was aware of no claim to the land by any other person at the time she procured her deed; that her father, William Anderson, merely lived on the place with her; that he had no right nor interest in it; that she knew of no rental contract he had made with any other party for the place. The defendant, on the other side, introduced his chain of titles to the land, consisting of a copy of a sheriff's deed to M. C. Hooper, dated in 1889, copy of deed from M. C. Hooper to L. B. Hooper, and deed from L. B. Hooper to himself, dated in 1900; explaining that copies of the first two deeds were introduced because the originals had been lost. He introduced also a rent contract between William Anderson and L. B. Hooper, as follows: "Georgia, Gordon County. We rent from L. B. Hooper the north half of lot of land number 303 the year 1900 for to keep the place in good repair." Signed, William Anderson, by cross-mark, and witnessed. The execution of this contract was further proved by an eye-witness. A copy of the proceedings to evict William Anderson as a tenant holding over, with judgment in favor of the defendant in the present case, was also introduced. On this evidence the jury found in favor of the plaintiff, and the defendant filed a motion for new trial on the following grounds: (1) The general grounds. (2) Error

in overruling the demurrer. (3) Error to charge: "I charge you that the title of defendant is defective, and that he could not prevail in this case, even if you find the deed or evidence of title of plaintiff did originate in fraud, unless you find that the plaintiff ratified or was benefited by the rental contract introduced by the defendant with William Anderson. . ." (4) Error in refusing to charge: "I charge you that the plaintiff assumes the burden, and must recover, if at all, by the preponderance of the testimony." (5) Error in refusing to charge: "Possession to be the foundation of a prescription must be in the right of the possessor and not of another. It must not have originated in fraud. It must not only be public, continuous, peaceable, and uninterrupted, but it must be exclusive and must be accompanied by a claim of right. Permissive possession can not be the foundation of a prescription until an adverse claim and actual notice to the other party." (6) Error in refusing to charge: "If you find that the defendant or L. B. Hooper, under whom defendant claims title, provided defendant shows title from L. B. Hooper, had made or entered into a rental contract with William Anderson, and that under said contract said Anderson had been in possession of the land in dispute, then I charge you that the time which Anderson was in possession of said land under said contract would not be counted as part of the time when prescription would run in favor of plaintiff. If plaintiff was in possession and Anderson was in possession as defendant's tenant, then the possession of plaintiff during this time was not exclusive and could not be counted in her favor: (7) Error in refusing to charge: "The plaintiff not contending that her deed or evidence of title was on record or that defendant had notice of how much she claimed, I charge you that she could only recover so much as she was in actual possession of by cultivation or enclosure. She can not recover any more than she was in actual possession of." The defendant set forth also a ground of newly discovered evidence to the following effect: (1) Affidavit of the grantor from whom plaintiff claims to have received her deed, to the effect that no such deed was ever made, and that affiant had never had any interest in the property in dispute. (2) Affidavit that the plaintiff had not moved on the land as early as she stated she had, and did not cultivate the same during the year 1896.

*Cantrell & Ramsaur, T. W. Skelly,* and *J. M. Lang,* for Lang.

*Starr & Erwin* and *G. A. Coffee,* for Yearwood.

ATKINSON, J.   The 1st, 2nd, and 4th headnotes need no elaboration.   It must be kept in mind that this was not an action of ejectment, but a petition praying for an injunction to restrain the defendant from proceeding to have the sheriff dispossess the plaintiff under a judgment in favor of the defendant against another person alleged to be his tenant, who, it is alleged, had held over after his term had expired.   The plaintiff was not a party to this proceeding. If she was in possession, and did not claim under the defendant in the dispossessory-warrant proceeding, and had no connection at all with his title or claim, she would not be bound by the judgment against him, and therefore could not be lawfully ousted of her possession by the sheriff.   When a sheriff sells land under execution, he is authorized, in order to put the purchaser in possession, to dispossess the defendant, his heirs, tenants, or assigns since the judgment, but he has no authority to dispossess tenants claiming under an independent title.   Civil Code, §§ 5451, 5468.   While, under the Civil Code, § 4817, the sheriff seems to be authorized in terms to dispossess only the tenant who holds over, by analogy it would seem that he would be authorized not only to dispossess the tenant but those claiming under him or connected with his title or claim just as in cases of sale under execution, but he would not be justified in dispossessing one in possession not the tenant of the alleged landlord, not in privity with him, nor in any way connected with the landlord or the tenant, but claiming under an independent title.   It is apparent from what has been said that the requests to charge, so far as they related to the law of prescription and the burden of proof in ejectment cases, would have been proper if this had been an action of ejectment, but were entirely inappropriate to a proceeding of the character now under consideration.   It is also apparent that there was no error in the charge complained of.   The judge told the jury that the title of the defendant was defective. This was correct.   He showed neither a complete paper title nor possession for a period of time sufficient to raise a title by prescription; and the charge was appropriate to the case and accurate so far as it stated to the jury that the plaintiff could not be dispossessed unless she was connected in some way with the transaction between the defendant and her father, which raised the relation

of landlord and tenant between them.   We see no reason for re-
versing the judgment.

    *Judgment affirmed.     Cross-bill dismissed.     All the Justices
concur.*