*Samuel D. Hewlett,* contra.

---

683.  CAROLINA LOCUST PIN AND MICA COMPANY *et al.* v. CHAT-
TANOOGA MACHINERY COMPANY.

HILL, C. J.  1. Where no exceptions pendente lite are filed to a judgment allowing an amendment to attachment proceedings, or to a judgment overruling a motion to dismiss attachment proceedings in part or in whole, or to a judgment sustaining a demurrer to the answer, and no exceptions to these rulings are timely and specifically made in the final bill of exceptions, this court will not consider assignments of error on these grounds, contained in the motion for a new trial, under a general assignment of error in overruling the motion.  *Gillis* v. *Powell*, 129 *Ga.* 403 (58 S. E. 1052) ; *Lang* v. *Yearwood*, 127 *Ga.* 155 (56 S. E. 305) ; *Bullock* v. *Cordele Sash Co.*, 114 *Ga.* 627 (40 S. E. 734) ; *Kelly* v. *Strouse*, 116 *Ga.* 874 (6), (43 S. E. 280) ; *Lowery* v. *Idleson*, 117 *Ga.* 778 (45 S. E. 51).

2. An assignment that the court erred in "allowing the interrogatories of plaintiff's witnesses read, over the objection of counsel for movant, the same being objected to in writing on the ground that it nowhere appeared that said interrogatories were legally received into court," is insufficient, (*a*) because it is not stated in the assignment, and does not appear from the record, what interrogatories were referred to, nor who the witnesses

were, nor what their testimony was; (*b*) because the grounds of objection to the reception of the interrogatories are not stated; (*c*) because it does not appear that notice of the objections to the interrogatories was given to the opposite party, as required by the Civil Code, §5314; (*d*) the assignment does not point out any error in the ruling of the court in admitting the interrogatories, or show how the interrogatories were material, or how their admission hurt the movant.

3. The payee of a note who is in possession of it is presumed to own it, although his indorsement thereon may not be canceled. He may sue upon the note, and his title to it can not be inquired into, unless it be necessary for the protection of the defendant or to let in the defense which he seeks to make. Civil Code, §3698; *Bomar* v. *Equitable Mortgage Co.*, 111 *Ga.* 143 (36 S. E. 601).

4. All the defenses set up, except the general issue, having been stricken by the court on demurrer, the verdict was. demanded, when the notes sued on were introduced in evidence.  *Judgment affirmed.*

Appeal, from Rabun superior court—Judge Kimsey. June 13, 1907.

Argued November 25, 1907.—Decided February 24, 1908.

The Chattanooga Machinery Company brought three suits against the Carolina Locust Pin and Mica Company, in a justice's court. The proceedings began by attachments, and were based on three promissory notes made by the defendant and payable to the order of plaintiff. The defendant replevied the property and appeared in the justice's court and filed sworn answers. The cases were appealed to the superior court, and, when called, a written agreement was made to try them together. On the trial the plaintiff reduced its pleadings to writing, by filing in each case a declaration amending the attachment proceedings and attaching to the declaration a copy of the note sued on. The amendment to the attachment proceedings was objected to by the defendant, but was allowed by the court; and for various reasons the defendant made a motion to dismiss the attachment proceedings in part and in toto; and this motion was overruled on February 26, 1907. No exceptions pendente lite were filed by the defendant. On demurrer to the defendant's answer, the court struck so much of the answer as set up special matters of defense, leaving only the general issue. No exceptions pendente lite to this judgment were filed. A verdict was rendered for the plaintiff in each case, and judgment was entered accordingly. Three motions for new trial were duly made, and an agreement was entered into by which one motion and one

brief of evidence would be perfected, and the other two motions should abide the final result in the Court of Appeals.

The original motion for new trial contained only the general grounds that the verdict was contrary to law, evidence, etc.; and on June 7, 1907, an amendment adding other grounds was presented to the court. The grounds thus added, except the 12th and 13th, referred entirely to the action of the court in refusing to dismiss the attachment proceedings, in allowing certain amendments to the attachment proceedings, and in sustaining a demurrer to all of the defendant's pleas, except the general issue. The 12th ground is as follows: "Because the court erred in allowing the interrogatories of plaintiff's witnesses read, over the objection of counsel for movant; the same being objected to on the ground that it nowhere appeared that said interrogatories were legally received into court." The 13th ground is as follows: "Because the court erred in allowing in evidence the note dated July 21st, 1902, due October 1st, 1902, over objection of counsel for movant, on the ground that same had been transferred to other parties, and the title to which was not in plaintiff." This note appears to have been indorsed by the payee, and the indorsement was not canceled. The motion for new trial was overruled June 13, 1907; and a final bill of exceptions, assigning error on the judgment overruling the motion, was certified by the court July 9, 1907.

*J. R. Grant, J. C. Edwards, McMillan & Erwin,* for plaintiffs in error. *W. S. Paris, H. H. Dean,* contra.