### 13830.   McCONNELL v. MASON.

The remedy by affidavit of illegality is purely statutory, and is limited to the relief expressly afforded by the statute, strictly construed. *State* v. *Sallade*, 111 *Ga.* 700, 702 (36 S. E. 922); *Wactor* v. *Marshall*, 102 *Ga.* 746, 747 (29 S. E. 703). It cannot ordinarily be employed to go behind and attack the judgment, but serves only to stay procedure under a levy until some fact or situation which has arisen subsequent to the rendition of the judgment can be pointed out such as should stay procedure. As illustrative of its proper office, it may be employed in order to show that the property levied on is not subject to levy and sale (*Willis* v. *Henderson*, 43 *Ga.* 325), or that the execution does not follow the judgment on which it is based, or that such judgment has been satisfied. It can be employed to go behind and attack the judgment only when it is shown that the judgment is absolutely void, in that the court rendering it was then without jurisdiction so to do, or that the defendant has not had his day in court. *Greene* v. *Oliphant*, 64 *Ga.* 566; *Peters* v. *Baker*, 54 *Ga.* 339, 340; *Cochran* v. *Whitworth*, 21 *Ga. App.* 406 (2) (94 S. E. 609).

DECIDED MARCH 17, 1923.

Affidavit of illegality; from Franklin superior court —Judge W. L. Hodges. June 5, 1922.

*E. C. Stark*, for plaintiff in error.

*Linton S. Johnson; Dorough & Adams*, contra.

JENKINS, P. J. The contention made in the affidavit of illegality, to the effect that the execution, founded on a judgment rendered against another as principal and the affiant as surety on a forthcoming bond given in a trover proceeding, could not legally proceed, for the reason that the principal had not in fact signed the bond on which such judgment was rendered, can not be raised by affidavit of illegality. The judgment having been rendered by a court of competent jurisdiction, and both the parties against whom the judgment was entered having had their day in court the record in the illegality proceeding showing that the affiant actually appeared in court in the trover case and filed certain papers in the nature of an intervention (in which the fact that he had signed a forthcoming bond in that proceeding was admitted), the judgment rendered on the trover bond has become absolute with respect to all matters of defense which the affiant might have urged previous to its rendition. Under the view we take of the law with respect to the inability of the affiant to go behind and attack the judgment in such manner, it is unnecessary to determine whether under the evidence now submitted the jury could have found that the affiant had obtained possession of the property under the trover bond as signed by him prior to the judgment rendered against him thereon, and, if so, whether the judgment entered against him on said bond in that proceeding was or was not correct. *Judgment affirmed. Stephens and Bell, JJ., concur.*