### 15764. RIVERS *v.* COX.

BLOODWORTH, J. 1. "The remedy by affidavit of illegality is purely statutory, and is limited to the relief expressly conferred by the statute strictly construed." *McConnell* v. *Mason,* 30 *Ga. App.* 82 (116 S. E. 658). "A defendant who has been served and who has had her day in court can not go behind the judgment by affidavit of illegality, for the purpose of showing that she was surety on the note which is the basis of the judgment, and that she is released because of conduct of the creditor prior to the rendition of the judgment. Civil Code (1910), § 5311; *Bird* v. *Burgsteiner,* 108 *Ga.* 654 (34 S. E. 183); *Steele* v. *Atlanta*

*Co.,* 91 *Ga.* 64 (16 S. E. 247)." *Cunnard* v. *Childs,* 10 *Ga. App.* 175 (73 S. E. 20). "Unless a judgment is void, an affidavit of illegality is not the proper mode of setting it aside. If the defects alleged to exist in a judgment or decree amount only to irregularities, they should be corrected by a motion for that purpose made in the court which rendered it." *Brantley* v. *Greer,* 71 *Ga.* 11. "The court that rendered the judgment having jurisdiction of the person and subject-matter, the defendant could not, by affidavit of illegality, attack the judgment for any cause that he could have set out as a defense in the original suit." *Butler* v. *Hall,* 7 *Ga. App.* 777 (2) (68 S. E. 331). That the court in this case had jurisdiction of the person and the subject-matter, and that the defendant was properly served, is not questioned. This being true, under the principles announced in the foregoing cases the court did not err in disallowing the proposed amendment to the affidavit of illegality, or in thereafter dismissing the affidavit of illegality.

2. In our opinion this case was not brought to this court for delay only, and the request that damages be assessed against the plaintiff in error, as provided by § 6213 of the Civil Code of 1910, is denied.

*Judgment affirmed. Broyles, C. J., and Luke, J., concur.*

DECIDED DECEMBER 9, 1924.

Affidavit of illegality; from Campbell superior court—Judge Hutcheson. May 27, 1924.

*Lawrence S. Camp, J. Wilson Parker,* for plaintiff in error.
*Lester C. Dickson,* contra.