18672. Brown, administrator, v. Bowman.

Jenkins, P. J. The remedy by affidavit of illegality can be employed to go behind and attack a judgment only when it is shown that the judgment is absolutely void, in that the court rendering it was with-out jurisdiction so to do, or that the defendant has not had his day in court. McConnell v. Mason, 30 Ga. App. 82 (116 S. E. 658). In the instant case it is not disputed that a court of competent jurisdiction entered its decree vesting in the affiant's intestate title to the land levied upon, subject to the lien of the execution sought to be enforced, nor is it disputed that the affiant's intestate was represented in the proceeding resulting in the decree, and by his counsel consented thereto. Accordingly the decree can not be attacked by him by affidavit of il-legality, and this is true irrespective of whether or not it is conclusive upon other persons who might have had an ·interest in the property, but who were not represented in the proceeding resulting in the decree. Accordingly, the court did not err in sustaining the demurrer inter-posed by the plaintiff in fi. fa. to the affidavit of illegality.

Judgment affirmed. Stephens and Bell, JJ., concur.

Decided August- 30, 1928.

R. R. Jones, for plaintiff in error. H. A. Wilkinson, contra.