MARTIN *v.* TURNER, executor.

No. 7224. FEBRUARY 12, 1930.

*John J. Strickland* and *F. A. Gillen,* for plaintiff in error.
*Jere S. Ayers,* contra.

RUSSELL, C. J. This is a claim case involving the title to a tract of land in Jackson County, Georgia. On April 7, 1914, Mrs. Sarah A. Turner loaned J. L. Martin $900 to pay J. N. Smith on account of the purchase-money of said land purchased by Smith at a sale held by C. L. Bryson as trustee in bankruptcy of J. L. Martin. Smith bid off the land at the sale of the trustee for $1495, and he sold it for $1500, of which sum G. H. Martin paid $600 and the remaining $900 was loaned by Mrs. Sarah A. Turner to J. L. Martin. J. N. Smith executed to Mrs. Turner a deed to the land. At the request of J. L. Martin Mrs. Turner executed a bond for title to G. H. Martin instead of to himself. The bond for title, instead of obligating Mrs. Turner to make a deed to J. L. Martin upon the payment of the debt, bound her "to make or cause to be

made to said G. H. Martin good and sufficient quitclaim titles" to the land, "should said J. L. Martin well and truly pay the promissory note for $900," which was to become due November 6, 1914. In other words, Mrs. Turner took the note of J. L. Martin and the deed from J. N. Smith to secure the debt of $900, but obligated herself to make quitclaim title to his son G. H. Martin, provided the maker of the note, J. L. Martin, paid the same. G. H. Martin, the claimant, was one of the witnesses to the deed executed by Smith to Mrs. Turner. The $900 note was not paid at maturity or for several years thereafter, and J. C. Turner, as executor of Mrs. Sarah A. Turner, sued on the note and obtained a judgment with a special lien upon the land herein involved. Thereafter Turner, as executor, filed a quitclaim deed for the purpose of levy and sale, and the fi. fa. based upon the $900 note was levied upon the land sold by Bryson, trustee, to Smith and by him conveyed to Mrs. Sarah A. Turner. A claim was interposed by G. H. Martin, the holder of the bond for title above referred to. After the introduction of evidence the court directed a verdict finding the property subject. A motion for a new trial was overruled, and exception was taken.

A comparison of the record in this case with that in *Martin* v. *Turner,* 166 *Ga.* 293, shows that both these cases concern the same transaction and deal with the same questions. In the case of *Martin* v. *Turner,* supra, there appears a full statement of the facts, to which, in considering the facts as stated in this case, there needs only to be added that the suit in the city court upon the note given by J. L. Martin to Mrs. Sarah A. Turner for $900 was, by appropriate order of the superior court of Jackson county, transferred to the superior court and consolidated with the equitable petition brought by G. H. Martin against J. C. Turner as executor of Sarah A. Turner, on December 5, 1925. It is true that by this order further proceedings in the city court of Jefferson were enjoined, but this did not prevent or forbid the rendition of the judgment in the superior court upon which was issued the fi. fa., the progress of which was arrested by the interposition of the claim of the plaintiff in error. On August 8, 1927, the jury in the superior court of Jackson county, after said case had been transferred to the superior court upon the equitable petition filed by the present plaintiff in error, rendered the verdict upon which is based the sub-

sequent judgment dated August 8, 1927, upon which issued the execution levied. So far as appears from the record, no exception has ever been taken to this verdict and judgment entered at the August term, 1927, of Jackson superior court. In our opinion the judgment of this court in *Martin* v. *Turner,* supra, in which this court held that the petition brought by Martin for reformation of this bond for title (the same paper upon which the claim in the present case is necessarily compelled to rest) was subject to general demurrer and was properly dismissed, amounts to a final adjudication of every question raised in the case at bar. The plaintiff in error pleaded in his equitable petition, or could have pleaded, if perchance there was any omission, everything which he attempted to assert in support of the claim of ownership as to the same land involved in the prior litigation. There may be a difference in the two cases in one respect, in that in the equitable petition he asserted ownership of six fifteenths of the tract of land in question, and in the present instance he claims fifteen fifteenths; but the bond for title itself provides that the plaintiff in error is to have title only when the note for $900 for the purchase-money advanced by Mrs. Turner has been paid. It appears that this purchase-money has not been paid, and this fact presents an insuperable obstacle to the claimant's recovery of the land in this case, as appeared in the former case of *Martin* v. *Turner,* supra. In the present case, although there was no formal plea of res adjudicata, enough of the pleadings in the former case was put in evidence to authorize the court to direct the verdict which was returned. It is unnecessary to inquire into or rule upon the several assignments of error alleged to have been committed in ruling upon the admissibility of evidence; for under the documentary evidence submitted the verdict in this case was demanded.

*Judgment affirmed. All the Justices concur.*