### 24268. LIFE & CASUALTY COMPANY OF TENNESSEE *v.* SMITH.

GUERRY, J. Plaintiff sued the defendant company upon a life-insurance policy under which he was beneficiary. In his petition he alleged that the policy was in effect at the time of the death of the insured, that notice of such death was in due time properly submitted to the company, and that his continued demands for payment were refused by the company. The company defended on the ground that the insured had within two years prior to the issuance of the policy been treated by a physician for a serious disorder or disease, to wit, goiter and extreme nervousness, and that under a provision of the policy it was only liable for the return of the premiums. The evidence for the defendant sustained its defense, while the evidence for the plaintiff denied it. The jury found for the plaintiff the full amount of the policy, together with damages and attorney's fees. Defendant excepts to the finding by the jury of the last two items. *Held:*

1. Section 2549 of the Civil Code (1910) allows damages and attorney's fees to be recovered against an insurance company in a suit against it on an insurance policy only when "it is made to appear to the jury trying the same that the refusal of the company to pay said loss was in bad faith."

2. "The terms 'bad faith' are not the equivalent of actual fraud, but they mean any *frivolous or unfounded* [italics ours] refusal in law or in fact to comply with the requisition of the policyholder to pay according to the terms of his contract and the conditions imposed by statute." *Cotton States Life Ins. Co.* v. *Edwards*, 74 *Ga.* 220. "Probable cause for refusing payment will negative the imputation of bad faith, and without such probable cause refusal will be at the company's peril." *Travelers Ins. Co.* v. *Sheppard*, 85 *Ga.* 751 (12 S. E. 18); *Ga. Life Ins. Co.* v. *McCranie*, 12 *Ga. App.* 855, 860 (78 S. E. 1115).

3. Under the above principles the evidence in the case at bar was amply sufficient to show lack of bad faith on the part of the insurance company in refusing payment of the insured's claim. There was ample evidence upon which the jury might have based a verdict in favor of the defendant's contention. Judgment is therefore affirmed upon the condition that the damages and attorney's fees be stricken. Otherwise the judgment is reversed.

*Judgment affirmed on condition. Broyles, C. J., and MacIntyre, J., concur.*

DECIDED APRIL 15, 1935.

*James R. Davis*, for plaintiff in error. *W. M. Dallas*, contra.