26482. GRIFFIN v. H. C. WHITMER COMPANY.

DECIDED JANUARY 13, 1938.

Edward Parrish, for plaintiff in error.

Harley Langdale, J. Lundie Smith Jr., B. Lamar Tillman, contra.

GUERRY, J. 1. "The principal and surety on a note are jointly and severally liable." Armstrong v. Citizens &c. Bank, 145 Ga. 861, 864 (90 S. E. 44); Heard v. Tappan, 116 Ga. 930 (43 S. E. 375); Reid v. Flippen, 47 Ga. 273; White v. Hart, 35 Ga. 269; McMillan v. Heard National Bank, 19 Ga. App. 148 (91 S. E. 235); Burson v. Shields, 160 Ga. 723, 730 (129 S. E. 22); Smith v. Moore, 45 Ga. App. 708 (165 S. E. 765), and cit. Therefore when a joint action is brought against a principal and a surety, and the plaintiff by amendment voluntarily dismisses his action against the principal, the surety is not thereby ipso facto discharged from liability. McMillan v. Heard National Bank, supra. "The

204

rule of law recognized in this State seems to be, as stated in the case of *Williams* v. *Kennedy,* 134 *Ga.* 339, 345 (67 S. E. 821), that some positive act must be done by the creditor, either before or after judgment, which injures the surety in some way; mere failure or negligence on the part of the creditor will not relieve the surety; and the exceptions to this general rule will be found to be where the creditor omits to do something by which some collateral security *in his hands* is made unproductive, or where he is notified under the statute to proceed and he fails or refuses." *McMillan* v. *Heard National Bank,* supra. "A mere failure by the creditor to sue as soon as the law allows, or neglect to prosecute with vigor his legal remedies, unless for a consideration, shall not release the surety." Code, § 103-203. Therefore a mere abandonment of the suit against the principal is not such an act which ordinarily increases the risk of the surety or exposes him to greater liability. *McMillan* v. *Heard National Bank,* supra; *Johnson* v. *Georgia Fertilizer & Oil Co.,* 21 *Ga. App.* 530 (94 S. E. 850) ; *Waddell* v. *Watkins Medical Co.,* 25 *Ga. App.* 657 (104 S. E. 250) ; *Barnett* v. *Ferris,* 39 *Ga. App.* 206 (146 S. E. 345) ; *Burson* v. *Shields,* 160 *Ga.* 723 (129 S. E. 22) ; *Cone* v. *American Surety Co.,* 29 *Ga. App.* 676 (116 S. E. 648). "While there may be and in fact have been instances in which such action would work such injury to the surety as to justify such result, it can not be stated as a rule that a surety is ipso facto discharged by such an act." *McMillan* v. *Heard National Bank,* supra. In the present case there was no allegation going to show injury to the surety so as to increase his risk, except the dismissal of the suit as to the principal. The case of *McCarter* v. *Turner,* 49 *Ga.* 309, strongly relied on by counsel for the plaintiff in error, has been noted and discussed in *Waldrop* v. *Wolff & Happ,* 114 *Ga.* 610 (40 S. E. 830), *Johnson* v. *Longley,* 142 *Ga.* 814 (83 S. E. 952), and *McMillan* v. *Heard National Bank,* supra, and in each case it has been pointed out that no question of suretyship was involved in that case, and that the language of Judge Trippe was purely obiter. Therefore that decision is not authority for the position taken by counsel for the plaintiff in error.

2. Furthermore, the defendant, having been served and having thus had his day in court, can not by affidavit of illegality go behind the judgment to show that as surety upon the note sued

upon he is released because of the conduct of the creditor in voluntarily dismissing the suit against the principal before the rendition of the judgment. *Cunnard* v. *Childs,* 10 *Ga. App.* 175 (73 S. E. 20), and cit.; *Rivers* v. *Cox,* 33 *Ga. App.* 139 (125 S. E. 729).

3. The court did not err in dismissing the affidavit of illegality upon demurrer.

*Judgment affirmed. Broyles, C. J., and MacIntyre, J., concur.*