32878. SOUTHEASTERN CONSTRUCTION COMPANY, for use, etc. *v.* GLENS FALLS INDEMNITY COMPANY.

DECIDED MAY 5, 1950. REHEARING DENIED JUNE 14, 1950.

*Miller & Head,* for plaintiff.

*MacDougald, Troutman, Sams & Schroder, Gilmer A. Mac-
Dougald, Louis D. Yancey Jr.,* as amici curiae.

*Powell, Goldstein, Frazer & Murphy, J. Winston Huff,* for
defendant.

MacIntyre, P. J. ■ The motion to dismiss the writ of
error, which is made in the brief of counsel for the defendant,

on the ground that one of the parties defendant in the trial court was not named as a defendant in error in this court, is denied. When in an action on a bond the principal and the surety are made joint defendants, the cause of action is several though the defendants may be joined in one action (*Griffin* v. *H. C. Whitmer Co.,* 57 *Ga. App.* 203 (1), 194 S. E. 895, and cit.; *Mulling* v. *Bank of Cobbtown,* 36 *Ga. App.* 55, 135 S. E. 222); and where the petition is dismissed on the demurrer of the surety alone, the principal is not a necessary party defendant to the bill of exceptions sued out by the plaintiff, assigning error upon the judgment sustaining the surety's demurrer. *McGaughey Bros.* v. *Latham,* 63 *Ga.* 67. The *Latham* case is the leading case on the subject and has been followed numerous times by this court and the Supreme Court, down through *Moore* v. *Harrison,* 202 *Ga.* 814 (44 S. E. 2d, 551). For an excellent discussion of this point of practice, see *Johnson* v. *Motor Contract Co.,* 186 *Ga.* 466 (198 S. E. 59).

■ The special demurrers all relate to the question of the right of the plaintiff to recover under Code § 56-706 the penalty and attorney's fees therein provided where it is made to appear that the company's refusal to pay was in bad faith, and will be considered here together. Whether or not the bond sued upon was such a contract of insurance as to come within the terms of Code § 56-706, there are no such facts alleged as to bring the case within the meaning of "bad faith" as used in that section. The term "bad faith" does not mean actual fraud; it means any frivolous or unfounded refusal in law or in fact to comply with the demand of the policyholder to pay according to the terms of the contract and conditions imposed by the statute. *Cotton States Insurance Co.* v. *Edwards,* 74 *Ga.* 220. Under the terms of the bond sued on and the contracts made a part thereof, the company's liability was in such a high degree of doubt as to furnish the company with probable cause for refusing payment, which probable cause negatives the imputation of bad faith. *Travelers Insurance Co.* v. *Sheppard,* 85 *Ga.* 751 (12 S. E. 18). And in view of the contrariety of opinion of the appellate courts of this and other States and the conflicts in our own decisions upon the question of the company's liability under such a bond and contracts as were here involved, it cannot be said that to test

the question here is in bad faith. *Northwestern Mutual Life Insurance Co.* v. *Ross,* 63 *Ga.* 200; and see, *Life & Casualty Co. of Tenn.* v. *Freemon,* 80 *Ga. App.* 443 (c) (56 S. E. 2d, 303). It follows that the court did not err in sustaining each of the special demurrers to the petition.

The questions presented by the general demurrer are identical with those in *Southeastern Construction Co.* v. *Glens Falls Indemnity Co.,* ante, p. 764, this day decided, and are controlled thereby. As there held, the court erred in sustaining the general demurrer to the petition.

*Judgment affirmed in part, and reversed in part.* *Gardner and Townsend, JJ., concur.*