34269. SECURITY INSURANCE COMPANY OF NEW HAVEN, CONN. *v.* HUDGINS.

712

DECIDED FEBRUARY 28, 1953.

*Pittman, Hodge & Kinney,* for plaintiff in error.

*Mitchell & Mitchell,* contra.

WORRILL, J.  Marion Hudgins sued Security Insurance Company of New Haven, Connecticut, on a policy of fire insurance because of the alleged failure of the defendant to pay a loss on the same within a reasonable time after demand and proof of loss.  The plaintiff also prayed for damages and attorney's fees under the provisions of the Code, § 56-706, because of the bad faith of the defendant in refusing to pay the claim.  The defendant answered admitting the issuance of the policy of insurance sued on, but otherwise generally denying the allegations of the petition or that it was liable in the amount sued for or in any amount.  On the trial the jury returned a verdict for the plaintiff for $2500, which was the face amount of the policy, $1 damages, and $500 attorney's fees.  The defendant made a motion for a new trial on the general grounds and on three special grounds complaining of certain instructions to the jury.  The motion was overruled and the exception here is to that order.

The evidence discloses that the plaintiff was engaged in the business of placing pin-ball machines and "juke boxes" in public places in and about the City of Dalton.  He rented or leased a building on the highway about two miles south of Dalton, where he stored certain of the machines which were not currently in use and where maintenance and repairs were from time to time made on the machines.  One Mealor used a portion of the building in operating a chair shop and also apparently occupied a portion thereof as his living quarters.  There was some dispute as to whether Mealor had so occupied the premises at the time the fire-insurance policy on the plaintiff's stock of goods was issued, but the plaintiff testified that he did, and this point was not specifically controverted by the defendant's evidence.  Some time during the day of March 11, 1951,

a Sunday, the plaintiff's stock of pin-ball machines and one "juke box" were damaged or destroyed by fire. The origin and cause of the fire were never explained by either the plaintiff's evidence or that of the defendant. The damage to the building in which the machines were stored seems to have been confined to smoke damage. It appears that the fire was extinguished by firemen, presumably from the City of Dalton. Thereafter the defendant sent an adjuster to inspect the property, and to investigate preparatory to adjusting the loss with the plaintiff. The adjuster testified that he examined the damaged machines and found evidence that they were not in good or new condition. The plaintiff contended that the machines were in new condition before the fire, that there were 14, 15, or 16 destroyed by the fire, and that they were a total loss. The defendant's representative returned a second time to look at the machines, and the plaintiff told him that the owner of the building had requested that he move the machines so that he could get into the building to repair the damage to it resulting from the fire. The adjuster informed the plaintiff that it would be all right to remove the machines from the building. Thereafter the plaintiff removed the machines and either dismantled and salvaged parts from the damaged machines and burned such parts of them as would burn, or burned the entire remains. The plaintiff denied that there had been any salvage from the machines, but at any rate it appears that this action on the part of the plaintiff effectively destroyed all evidence of the make, manufacture, and age of the damaged property. In the meantime the plaintiff's business records had been destroyed or lost in another casualty occurring in Dalton about three weeks after the fire in question. This latter casualty effectively closed any possibility of the defendant's ascertaining the make, model, and date of manufacture of the damaged equipment, more particularly since the plaintiff had destroyed what remained of the property after the first fire.

The policy provided among other things that in case of loss the insured would give immediate notice to the company, protect the property from further damage, separate the damaged and undamaged personal property, put it in the best possible order, and furnish a complete inventory of the destroyed, dam-

aged and undamaged property, showing in detail quantities, costs, actual cash value, and amount of loss claimed. The evidence outlined above shows that the plaintiff did not attempt to comply with these requirements of the policy. It is not sufficient, as affecting the question of bad faith on the part of the defendant, for the insured merely to exhibit the damaged or destroyed property to a representative of the company, and say here are 14, 15, or 16 pin-ball machines worth $200 each, without making some effort to explain, when requested to do so, how he arrives at such figures. The evidence raised a serious question as to whether the machines were in fact worth the amount claimed or whether the insured did in fact suffer a loss greater than the face amount of the policy. The defendant was entitled to a reasonable explanation of how the plaintiff arrived at his valuation of the damaged property, and under the evidence as a whole the action of the defendant in refusing to pay or to offer the full amount claimed by the plaintiff but in offering a lesser amount was not wholly without justification.

The burden was on the plaintiff to show bad faith on the part of the defendant in refusing to pay the claim or in offering an amount in settlement of the claim which was less than the amount of the loss found by the jury. *Life & Casualty Ins. Co. of Tenn.* v. *Freemon*, 80 *Ga. App.* 443 (c) (56 S. E. 2d, 303). The plaintiff's evidence failed to carry this burden, and it follows, therefore, that the award of damages and attorney's fees to the plaintiff was not supported by the evidence and was illegal. This will not, however, require a reversal of the case provided the plaintiff will write off, from the amount of the judgment, the amount found by the jury as damages and attorney's fees.

■ The three special grounds of the motion for new trial complain of certain portions of the charge of the court, which it is claimed had the effect of putting the burden upon the defendant to prove that the plaintiff was not entitled to damages and attorney's fees, and to certain other portions of the charge in the same connection, which it is claimed had the effect of over-emphasizing the question of damages and attorney's fees and of impressing upon the jury that they had only to decide the question of whether the plaintiff was entitled to recover damages

and attorney's fees. It is contended as to the latter ground that writing off damages and attorney's fees will not cure the harm done by those portions of the charge complained of.

We have carefully read the charge of the court and do not find that it had the effect of overemphasizing the question of damages and attorney's fees, so that any harm that may have inhered in the charge could not be removed by the plaintiff's writing off the damages and attorney's fees awarded. These grounds of the motion are not, therefore, cause for reversal.

■ The plaintiff in error contends that the failure of the plaintiff to answer a question in the proof of loss relating to the occupancy of the building in which the insured property was located rendered the proof of loss invalid as authorizing the plaintiff to institute a suit on the policy based on the defendant's refusal to pay the claim. It is contended that the insurance company was entitled to have the information relating to the use and occupancy of the building at the time of the loss. The policy showed that the use and occupancy of the building was as a storage house and chair shop. The failure of the plaintiff to answer the question relating to the use and occupancy as complained of was immaterial, since elsewhere on the proof of loss the plaintiff answered question 4 to the effect that there had been no assignment of the policy, no change of ownership, use, occupancy, possession, location or exposure of the insured property.

There was evidence that the policy of insurance was in force and effect on the date of the loss, and the plaintiff introduced some evidence which would have authorized the jury to find that the amount of the loss sustained by him was in excess of the face amount of the policy. The verdict for the plaintiff for the face amount of the policy was, therefore, authorized, and the trial court did not err in overruling the general grounds of the motion for a new trial.

Inasmuch as the verdict for damages and attorney's fees was not authorized by the evidence, direction is given that the judgment be affirmed provided the plaintiff writes off the sums found by the jury as damages and attorney's fees, otherwise the judgment is reversed.

*Judgment affirmed on condition. Sutton, C. J., and Felton, J., concur.*