35132. NORTH BRITISH & MERCANTILE INS. CO. *v.* MERCER.

144

DECIDED APRIL 29, 1954—REHEARING DENIED MAY 12, 1954.

*Smith, Field, Doremus & Ringel, Douglas, McWhorter & Adams,* for plaintiff in error.

*Connerat, Dunn, Hunter, Cubbedge & Houlihan, E. Ormonde Hunter,* contra.

TOWNSEND, J. ■ The brief of counsel for the defendant in error (which, incidentally, includes an excellent recipe for squirrel stew) concludes with the following words, with which this court is inclined to agree: " 'Vermin' is a mighty harsh word to hurl at our little friend the squirrel. He has long been well considered and much thought of as a pet and an attractive addition to the scenery of any city, garden, or country yard. He is praised in song and story as a shining example to mankind of industry and thrift. It is respectfully submitted that this court should not label the little fellow as nothing more than 'vermin'." It is all the easier to agree with this encomium, as the question of whether squirrels are vermin was submitted to the jury, and the plaintiff offered without objection a wealth of technical and opinion evidence to the effect that they are not so classified (vermin being "any noxious, mischievous or disgusting animal"), whereas the defendant failed to place our furry friend within the limita-

tions of this category. He certainly does not belong there as a matter of law, and as a matter of fact we are well content to leave the verdict undisturbed, there being no evidence to the contrary. The plaintiff proved her loss and its value, thus making out a prima facie case. The defendant failed to offer any evidence showing that the loss was within the exclusion clause of the policy, and the evidence of the plaintiff could not be relied upon by the defendant to perform this function for it. A verdict was therefore demanded for the plaintiff in the amount of the damages done to the property. The amount fixed by the jury is not under attack.

■ The plaintiff recovered a verdict for $50 as attorney fees under the authority of Code § 56-706, on the theory that the failure of the defendant to pay the claim within 60 days after proof of loss and demand was in bad faith. The term "bad faith" as used in this section means a frivolous and unfounded denial of liability. *Southeastern Construction Co.* v. *Glens Falls Indemnity Co.*, 81 *Ga. App.* 770, 772 (2) (59 S. E. 2d 751); *American Fire & Casualty Co.* v. *Barfield,* 81 *Ga. App.* 887 (3) (60 S. E. 2d 383); *Metropolitan Life Ins. Co.* v. *Lathan,* 77 *Ga. App.* 6 (2) (47 S. E. 2d 596). When the demand was made for payment, it was refused on the ground that damage by vermin was excluded under the terms of the policy and that a squirrel is vermin. "The bad faith on the part of an insurance company necessary to support a claim for attorney's fees under Code § 56-706 must occur at the time the company fails to pay the benefit provided for in a policy of full force and effect at the expiration of the 60-day period after proof of loss and demand for payment has been made, rather than at the time of the trial." *Independent Life &c. Ins. Co.* v. *Hopkins,* 80 *Ga. App.* 348 (3) (56 S. E. 2d 177). The defense here rested on a proposition which might be stated in the form of a syllogism as follows: "All squirrels are rodents. Rats, mice, and other rodents are vermin. Therefore, squirrels are vermin." However, the conclusion of the syllogism is no better than its premise, and the defendant failed, in its second premise, to show that all rodents are vermin, and offered no evidence to that effect.

"Bad faith in this respect is a question for the jury to pass on, and it may arise from the facts and circumstances of the case,

146

that is, from the whole complexion of the case as presented to the jury." *Metropolitan Life Ins. Co.* v. *Lathan*, supra, p. 9. See also *Aetna Life Ins. Co.* v. *Stewart*, 49 *Ga. App.* 786 (5) (176 S. E. 777). The defendant refused to pay after both the local agent and the State manager of the insurance company recommended payment under the terms of the policy. The refusal was based on the contention that the loss came under the exclusion provision of the policy. It had the same facts to support this contention at the time of the trial that it had at the time of the refusal. It offered no evidence in support thereof, but relied only on the plaintiff's evidence that squirrels are rodents. It then assumed without any evidence that all rodents are vermin. Having shown no valid reason for such an assumption and having offered no evidence that a squirrel is vermin, the evidence as to bad faith within the meaning of our law demanded a verdict against the defendant. Again, the amount of attorney fees fixed by the jury is not demanded by the evidence, but the amount is not under attack.

■ Since the verdict in favor of the plaintiff's claim was demanded by the evidence, it is unnecessary to rule upon the special grounds of the amended motion for new trial, complaining of certain rulings on evidence and charges of the court, which, even if erroneous, would not have affected the outcome of the case. *Guaranty Life Ins. Co.* v. *Pettie*, 178 *Ga.* 26 (3) (171 S. E. 916); *Martin* v. *Turner*, 170 *Ga.* 62 (2) (152 S. E. 112).

The trial court did not err in denying the motion for new trial as amended.

*Judgment affirmed. Gardner, P. J., and Carlisle, J., concur.*