19910.   GILMORE *et al.* v. SMITH *et al.*

MOBLEY, Justice. As far as need be stated here, the facts of the instant case show that Susan F. Jordan by her will devised to her daughter, Ruby Jordan Wasden, formerly Gilmore, a certain interest in testatrix's estate for life, with a remainder life estate to the children of Ruby Jordan Wasden and with remainder in fee to the grandchildren of Ruby Jordan Wasden. The plaintiff, individually and as next friend of his two children, and as administrator of the estate of Ruby Jordan Wasden (who died intestate on June 28, 1956), brought this petition against the defendants as parties at interest under the will of Susan Jordan, seeking to have himself declared the virtually adopted son of Ruby Jordan Wasden and her sole heir at law and entitled to all of the rights of a natural child under the will of Susan Jordan; for a declaration construing the will of Susan Jordan; for an accounting for an alleged deficiency in the payment of certain proceeds of the estate to Ruby Jordan Wasden as a life tenant under the will of Susan Jordan, which

was not paid to her because of an alleged mistake in the construction of the will; and for appointment of a receiver. To the petition the defendants filed demurrers, upon which the trial court entered an order reading in part as follows: "The demurrer to that part of the petition asking for a construction of the will and appointment of a receiver is sustained, it being the ruling of the court that Ruby Jordan Wasden took an interest for life only in the property and that Harry Gilmore, individually and as heir at law of Ruby Jordan Wasden, nor his children took any interest in the property bequeathed under the will of Susan Jordan." The other demurrers were overruled, the court holding that it was a jury question as to whether the other heirs of Susan Jordan should be required to account to the plaintiff as administrator of the estate of Ruby Jordan Wasden for any moneys received by them because of mistake, which moneys should have been paid to her during her lifetime as a part of her life estate. The case proceeded to trial, and at the conclusion of the evidence the court directed the jury to return a verdict finding the plaintiff to be the virtually adopted son of Ruby Jordan Wasden; that no sum was due him as administrator of the estate of Ruby Jordan Wasden; and that he took no interest in the property devised under the will of Susan Jordan, individually or otherwise. His motion for new trial on the general and three special grounds was denied, and he excepts to this order and to the direction of the verdict against him. *Held*:

1. In special ground 1 of the motion for new trial, the plaintiff in error excepts to the order quoted above sustaining the demurrer to that part of the petition asking for a construction of the will of Susan Jordan and appointment of a receiver. It is well settled that an assignment of error in a motion for new trial to a judgment sustaining or overruling a demurrer to the petition presents no question for decision by this court. *Willbanks* v. *Untriner*, 98 *Ga.* 801(1) (25 S. E. 841); *Lang* v. *Yearwood*, 127 *Ga.* 155(2) (56 S. E. 305); *Page* v. *Brown*, 192 *Ga.* 398, 400(3) (15 S. E. 2d 506). Since the bill of exceptions does not assign as error the ruling on demurrer, it is the law of the case that neither "Harry Gilmore, individually and as heir at law of Ruby Jordan Wasden, nor his children took any interest in the property bequeathed under the will of Susan Jordan." *Prescott* v. *Ellis*, 178 *Ga.* 822(1) (174 S. E. 525); *Palmer* v. *Jackson*, 188 *Ga.* 336, 338(1) (4 S. E. 2d 28).

2. The question of the right of the plaintiff, individually, to any part of the estate of Susan Jordan having been removed from the case on demurrer, the only questions remaining for decision at the trial were whether the plaintiff, as administrator of the estate of Ruby Jordan Wasden, was entitled to an accounting and judgment against the defendants by reason of an alleged mistake in the amount paid to her, as life tenant, under the will of Susan Jordan, and whether the plaintiff was entitled to a decree that he is the virtually adopted son of Ruby Jordan Wasden and her sole heir at law. The verdict in the plaintiff's favor as to his virtual adoption is not in question here. Upon the question of an accounting, the petition alleged that, during the lifetime of Ruby Jordan Wasden, certain timber was sold in 1931 and 1932 for $8,000; that certain timber was sold for $10,000, the date not being alleged; that Ruby Jordan Wasden received one-fourth of the proceeds of sale, while she was entitled to one-half; that she failed to receive one-half of the proceeds because of a mistake in the construction of the will of Susan Jordan; and that the defendants, who received more than their legal share of the proceeds through such mistake, are holding the same as trustee of Ruby Jordan Wasden, and the plaintiff as administrator is entitled to an accounting for said funds and moneys. At the trial the only evidence concerning the sale of timber was the testimony of the plaintiff that there was a sale of timber in 1931 or 1932 amounting to nine or ten thousand dollars; a sale in 1935 or 1936 amounting to ten thousand dollars; and that various smaller amounts were sold up until two or three years prior to the date of the trial. He testified further that he did not know who divided the money between the heirs, and that Ruby Jordan Wasden got one-fourth of the money. There was no evidence whatever that any of the defendants received any money from timber sales under a mistake in the construction of the will of Susan Jordan, or that they or any one of them ever in fact received any money from the sale of timber. As to the question of an accounting between the plaintiff, as administrator, and the defendants there was no evidence forming an issue for decision by the jury, and the court did not err in directing a verdict for the defendants finding against the prayer for an accounting.

While it appears from the record that, at the conclusion of the evidence, the court directed the jury to find that the plaintiff

took no interest in the property devised under the will of Susan Jordan, individually or otherwise, the question whether the plaintiff took under the will in his individual capacity had been previously eliminated from the case on demurrer and was not an issue on the trial. This portion of the verdict, while it is excepted to here, was not responsive to the pleadings and is to be regarded as surplusage. *Patterson* v. *Fountain,* 188 *Ga.* 473, 475 (4 S. E. 2d 38); *Fraser* v. *Jarrett,* 153 *Ga.* 441 (7) (112 S. E. 487); *Eidson* v. *Cheek,* 212 *Ga.* 201 (91 S. E. 2d 498).

3. Special ground 3 of the motion for new trial, alleging that the trial court erred in excluding certain evidence, is without merit. Even if there was any error in excluding evidence, the error was harmless, since, if all the evidence alleged to have been excluded had been admitted, the verdict for the defendants as directed would still have been demanded. *Darsey* v. *Darsey,* 138 *Ga.* 584 (2) (75 S. E. 667); *Martin* v. *Turner,* 170 *Ga.* 62 (152 S. E. 112); *Ginn* v. *Carithers,* 14 *Ga. App.* 298 (2) (80 S. E. 698).

Judgment affirmed. All the Justices concur.

Argued November 12, 1957—Decided January 10, 1958—
Rehearing denied February 7, 1958.

*N. J. Smith,* for plaintiffs in error.
*Ruth Burns, Irwin L. Evans,* contra.