39916. LIFE INSURANCE COMPANY OF GEORGIA
v. BURKE.

DECIDED APRIL 2, 1963—REHEARING DENIED APRIL 16, 1963.

*Clement E. Sutton,* for plaintiff in error.

*Walton Hardin,* contra.

RUSSELL, Judge. 1. A former decision of an appellate court in the same case becomes the law of the case and cannot thereafter, upon a subsequent appeal, be modified or overruled. *Dixon v. Federal Farm Mtg. Corp.,* 187 Ga. 660 (1 SE2d 732); *Turner v. Davidson,* 188 Ga. 736 (4 SE2d 814, 125 ALR 401); *Smoot v. Alexander,* 192 Ga. 684 (16 SE2d 544). All questions of law determined on a prior appeal in an action on an insurance policy are binding both upon this court and on the trial court in further proceedings. *Mutual Ben. Health &c. Assn. v. Marsh,* 62 Ga. App. 425 (8 SE2d 117). All issues material to a decision in the case which were or could have been raised on the prior appeal are a part of the law of the case. *Lowe v. City of Atlanta,* 194 Ga. 317 (21 SE2d 171).

The first appeal involved one major issue, which was whether under the facts stated in the petition the policy attached thereto included double indemnity coverage, and one corollary issue, which was whether the denial of liability as to double indemnity by the insurance company under this state of facts might be found by a jury to have been in bad faith. We answered yes to both questions. The particular policy provision involved had never before been construed by the courts of this state, and the sole question before us was one of law. In Division 3 of the opinion we held that there was double indemnity coverage. Paragraph 14 of the petition, alleging that the defendant's refusal to pay more than $1,034 (the face value of the policy) constituted bad faith and rendered the defendant liable for penalty and attorney's fees, was attacked by demurrer on the ground that "neither in said paragraph, nor elsewhere in the petition,

is it shown wherein defendant is indebted in any greater amount."
The court held: "In view of Division 3 of this opinion, where-
under the defendant might be liable to the petitioner in an
amount greater than $1,034 [that is, double indemnity] the ques-
tion of penalty and attorney's fees is a jury question.  Therefore,
the court erred in sustaining this special demurrer."  P. 871.

A demurrer, although addressed only to a particular paragraph
of the pleadings, is not necessarily a special demurrer but may
be general as to some particular issue in a case.  *Douglas, Au-
gusta &c. R. Co. v. Swindle*, 2 Ga. App. 550 (59 SE 600); *Ayers
v. Young*, 210 Ga. 441 (1) (80 SE2d 801).  This demurrer, ad-
dressed to paragraph 14 and to the petition as a whole, raised
but one issue: if the plaintiff proved all the allegations of his
petition as alleged, would the facts shown support also a finding
of bad faith on the part of the defendant in refusing to pay
more than $1,034, that is, in refusing to pay the double indem-
nity feature of the policy?  If as a matter of law the construc-
tion of the policy provision urged by the defendant was not
frivolous or unfounded, this court would necessarily have had to
hold *on demurrer*, as it did in *Southeastern Construction Co. v.
Glens Falls Indem. Co.*, 81 Ga. App. 770, 772 (2) (59 SE2d 751)
that "it cannot be said that to test the question here is in bad
faith."  The issue was material to the decision at that time and
was or could have been raised on the prior appeal; it accordingly
became the law of the case that if the plaintiff proved the alle-
gations of his petition the jury might, as they in fact did, find
bad faith on the part of the insurer.  Since the question for de-
cision in the first instance was a matter of law only, the litigants,
the trial court, this court, and the Supreme Court on certiorari
knew as well then as they know now to what extent a new and
novel question of law was involved.  Nothing in the evidence
before the jury discloses any fact which changes that picture.
The insurance company did not attempt by its evidence to nega-
tive the imputation of bad faith, *Life & Cas. Co. of Tenn. v.
Smith*, 51 Ga. App. 122 (2) (179 SE 744), which followed the
refusal to pay on any other ground than that, under its con-
struction of the policy, double indemnity was not provided, and
that the question of law of how to construe the policy was a

new and novel one. These are the very questions we decided, right or wrong, on the first appearance of this case, and we cannot readjudicate them now. It follows that the verdict was authorized, and that the trial court did not err in overruling the motion for a new trial.

*Judgment affirmed. Felton, C. J., Carlisle, P. J., Nichols, P. J., and Jordan, J., concur. Bell, Frankum, Hall and Eberhardt, JJ., dissent.*

EBERHARDT, Judge, dissenting. In the trial court defendant demurred to paragraph 14 of plaintiff's petition[1] "upon the ground that no bad faith has been shown on the part of defendant, in that it is alleged that the defendant has offered to pay $1,034 to the petitioner, and neither in said paragraph, nor elsewhere in the petition, is it shown wherein defendant is indebted in any greater amount." This ground of the demurrer was sustained, and on the prior appeal[2] we held that "In view of Division 3 of this opinion, whereunder the defendant might be liable to the petitioner in an amount greater than $1,034 the question of penalty and attorney's fees is a jury question. Therefore, the court erred in sustaining this special demurrer." It is now contended that this ruling is the "law of the case," that as a matter of law, under the facts pleaded, a jury question was presented on these items and that since the jury returned a verdict for plaintiff an affirmance is demanded. We can not agree.

(a) Neither the allegations of paragraph 14 of the petition nor the demurrer thereto raised the issue as to whether a new or novel question might be or was involved in the case. The allegations were simply that defendant had refused to pay *more than*

---

[1] "14. The refusal of defendant to pay more than $1,034 was more than sixty days prior to the filing of this suit; and defendant has acted in bad faith in refusing to pay more than $1,034 under this policy, and as a result of the defendant's refusal to pay more than $1,034 under the policy, plaintiff has been forced to retain and employ counsel to prosecute her claim and this action has incurred attorney's fees in so doing."

[2] 104 Ga. App. 865 (5), at p. 871.

*$1,034* and that its refusal was in bad faith. This allegation was challenged by the *special* demurrer upon the ground alone that nothing in paragraph 14 or elsewhere in the petition showed that defendant was indebted to plaintiff in any greater sum. Thus both the allegations of paragraph 14 and the demurrer thereto went solely to the matter of whether there had been bad faith in offering to pay $1,034. The special demurrer did and could raise no issue save that made by its specific terms, nor could our ruling thereon rise any higher than the demurrer itself. If it had been a *general* demurrer to the allegations of the petition dealing with the matter of penalty and attorney's fees it would, of course, have raised all issues as to their sufficiency, including that of whether a new or novel question was sought to be adjudicated and whether the defendant had reasonable ground for contesting the issue. But such was not the case. Our holding was no more than that since it had been determined in Division 3 of the opinion that there was a greater indebtedness, the allegations of paragraph 14 made a jury question. Nothing was said about the effect of litigating a new or novel question or whether defendant had reasonable ground for contesting the matter, and these issues were not adjudicated. Nor did our opinion have the effect of excluding them as proper issues when the judgment was reversed and sent back for further disposition in the trial court. See *Benefield v. McDonough Const. Co.*, 106 Ga. App. 194 (2) (126 SE2d 704); *Sanders v. Alpha Gamma Alumni, etc.*, 107 Ga. App. 403 (130 SE2d 255); *State Farm &c. Ins. Co. v. Anderson*, 107 Ga. App. 348, 351 (a) (130 SE2d 144). Thus, even if it be said that our holding is the "law of the case," it does not adjudicate that as a matter of law plaintiff must prevail. If plaintiff is to prevail she must do so under well established rules of law applicable to the situation which are in no wise in conflict with our prior ruling; one of them being that damages and attorney's fees can in no case be awarded where the defendant has any reasonable ground for contesting the claim of the plaintiff. *Life & Cas. Ins. Co. of Tenn. v. Blackburn*, 59 Ga. App. 479, 490 (1 SE2d 450). This issue was made by the defendant's answer as amended.

(b) That a new and novel question[3] between the parties here became the basis of the litigation appears from the facts that the question had never before been up for decision by either of the appellate courts of this State, that the courts of other states have been divided in their views on the matter, that we were not unanimous in our own conclusion about it, that the Supreme Court granted certiorari and afterwards, one Justice dissenting, dismissed it as having been improvidently granted.

At the trial defendant introduced in evidence, *inter alia,* the original petition, as amended, the defendant's demurrer and amended answer. Plaintiff introduced the insurance policy, the opinion of the Court of Appeals (104 Ga. App. 865, 123 SE2d 426), the motion for rehearing filed by counsel for the insurance company, which was denied November 29, 1961, the opinion of the Supreme Court holding that certiorari had been improvidently granted (*Life Ins. Co. of Ga. v. Burke,* 217 Ga. 742, 125 SE2d 48), a motion for rehearing filed to that judgment by

---

[3]The legal effect or proper construction of language in the policy: "Upon receipt at the home office of the company of due proof that the insured after attaining age ten and prior to attaining age sixty, *and while the policy is maintained in full force and effect during the premium paying period,* has sustained after the date of this policy bodily injuries effected solely through external, violent and accidental means, of which except in the case of drowning there is a visible contusion or wound on the exterior of the body of the insured, causing death, and if such death occurred within ninety days after such injuries were sustained, and as a direct result thereof independent of all other causes, the company will pay in addition to any other sums due under this policy and subject to its provisions an accidental death benefit equal to the amount of life insurance then payable at death. . ." (Emphasis supplied). It appeared from the copy of the policy attached to the petition that "All premiums required under this policy having been paid this policy is paid up." It also appeared that the insured was 20 years of age when the policy issued on February 18, 1946. The petition alleged that the insured died from accidental drowning May 14, 1960. Thus, the question was made as to whether the double indemnity benefits were available under the quoted provisions of the policy.

counsel for the insurance company which was denied March 29, 1962, and a further motion which was subsequently denied.

That the question made by the pleadings was one of first impression in Georgia was recognized by counsel for the plaintiff when he testified that in his efforts to find authority to support his contention about the proper construction of the policy provision he made trips to Athens for study in the University of Georgia law library, to Augusta for study in the library of Hon. Roy Harris, and incurred expense in telephoning attorneys in Yonkers, N. Y. for information relative to the case of Birnbaum v. Jamestown Mutual Ins. Co., 298 N.Y. 305 (83 NE2d 128), a case upon which he relied both in the trial court and here, and when, in his cross-examination of Jean M. Pierce he asked: "Would the fact that this is a case of first impression, never been decided before in the State of Georgia, would that change your opinion as to the value of attorney's fees in this case?"

In the amendment to its answer (also offered in evidence) defendant set up its contention that: "[T]he question of the amount actually due under the policy could only be decided by the courts, and the Court of Appeals in its decision of November 7, 1961, did decide that the face amount of the policy was $1,034 instead of $1,100 as claimed by the plaintiff, and that the accidental death benefit was $1,034 instead of $1,100," and further "That no bad faith has been shown on the part of this defendant authorizing the collection of a penalty or attorney's fees." Counsel for the insurer relied, both in the trial court and here, upon the case of American Trust Co. v. American Central Life Ins. Co., 5 F2d 69, and a companion case at page 71, asserting that he could find no Georgia case dealing with the matter.

Clearly, from the evidence that was introduced before the jury a finding was demanded that a new and novel question was made by the pleadings, that the defendant had reasonable grounds for contesting the issue and that no bad faith existed. The same also appears from the record before us independently of the evidence. Under the authority of *Northwestern Mutual Life Ins. Co. v. Ross*, 63 Ga. 199, and an unbroken line of decisions both in the Supreme Court and this court following it, the allowance of a penalty and attorney's fees here was im-

permissible.  Perhaps the latest is an opinion written by Judge Russell in *Mead Corp. v. Liberty &c. Ins. Co.*, 107 Ga. App. 167, 172 (129 SE2d 162), in which he said:  "In such an action the insurance company is liable for attorney fees and penalty only where the refusal to pay was in bad faith, frivolous, and unfounded.  *Code Ann.* § 56-1206; *Equitable Life Assur. Society v. Gillam*, 195 Ga. 797 (25 SE2d 686) ; *Security Ins. Co. v. Hudgins*, 87 Ga. App. 711 (75 SE2d 267).  As the question here presented is an issue of law apparently not heretofore decided by our courts, and which has been the subject of conflicting judgments in other jurisdictions, the defendant had a right to have the issue decided by the courts as to whether or not it had breached its contract  . . ."

I am authorized to say that Bell, Frankum and Hall, JJ., concur in this dissent.