## TAYLOR *v.* GLOBE REFINERY COMPANY.

1. The suit being upon contract alleged to have been made by the defendant, and the evidence not being sufficient to authorize a finding that the defendant had ever entered into a contract as alleged, a new trial should have been granted upon the ground that the verdict was contrary to the evidence.

2. The refusal of the judge to dismiss the case upon the ground that the petition was defective can not properly be made a subject for the assignment of error in a motion for a new trial.

3. An answer to a general and final interrogatory propounded to a witness should be excluded when such answer contains material and important testimony of a fact of which the opposite party was not put on notice, either by the question embraced in the particular interrogatory, or when taken in connection with preceding interrogatories.

Submitted July 18,—Decided December 14, 1906.

Complaint. Before Judge Harwell. City court of LaGrange. October 25, 1905.

The Globe Refinery Company brought suit against B. F. Taylor, alleging that the plaintiff purchased through "Williams & Flash Co., of New York City, of B. F. Taylor, of Hogansville, Ga., 8 tanks of prime crude C/S oil, at 31 cents per gallon loose at Hogansville and Gainesville, Ga., buyer's tanks. Delivery: 4 tanks October; 4 tanks November. Terms: S/D with B/L attached for amount of invoice; no exchange. Weights and quality guaranteed at destination. Any dispute in regard to this contract to be settled by the rules of the N. Y. Produce Exchange, Interstate Cotton Seed Crushers Association, New York Arbitration." It was alleged that a portion of the oil was not of the quality ordered, and that the defendant sent a check covering the allowance from the amount due on this account, and that "defendant also paid a part of the short weights." It was alleged that the defendant was indebted to the plaintiff $103.19, besides interest, and that a copy of the account was attached to the petition; but no such account appears in the record. The amount above stated was alleged by plaintiff to be past due, and that defendant refused to pay the same. The defendant filed an answer denying each and every allegation in the petition. At the trial the jury returned a verdict in favor of the plaintiff for the full amount sued for; and the defendant excepts to a judgment overruling a motion for a new trial.

*A. H. Thompson, D. J. Gaffney,* and *Evins & Spence,* for plaintiff in error. *F. M. Longley* and *E. T. Moon,* contra.

COBB, P. J. (After stating the facts.)

1. The plaintiff introduced in evidence a written contract of the character indicated in the petition, and being in the exact words quoted in the statement of facts, except that the name of B. F. Taylor did not occur therein, and that the contract began as follows: "New York, June 24, 1902. The Globe Refinery Company, Louisville, Ky. We have this day sold to you, for account of Thomas Taylor Jr.," which was followed by the language set forth in the statement of facts as embraced in the contract. This was signed, "The Williams & Flash Co., William P. Cantrell, Secretary." It appeared from the evidence that B. F. Taylor and Thomas Taylor Jr. were the owners of the Hogansville Oil Mill; and it also appeared, in the correspondence relating to the transaction in question, that the letters were signed by B. F. Taylor. The defendant contends that the evidence was not sufficient to authorize a finding against B. F. Taylor, as there was nothing connecting him with the contract, in his individual capacity or otherwise. If The Williams & Flash Company were the authorized agents of Thomas Taylor Jr., then the writing was a complete contract between Thomas Taylor Jr. and The Globe Refinery Company, so far as the liability of Thomas Taylor Jr. was concerned; and if he furnished to The Globe Refinery Company the oil under the contract, which was accepted by that company, then he would be liable to them on account of a failure on his part to comply with the terms of the undertaking. But upon what theory B. F. Taylor could be sued for a failure on his part to comply with the terms of the contract we do not understand. It was not alleged that he had taken the place of Thomas Taylor Jr., or that he was the undisclosed principal of Thomas Taylor Jr.; nor did these facts appear in the evidence. It simply appears that the two Taylors were the joint owners of an oil mill at Hogansville, Ga. The mere fact that the correspondence in relation to the contract was signed by B. F. Taylor would not have the effect to render him liable under the contract. The letters being signed by him are consistent with an agency on his part for Thomas Taylor Jr. We do not think the evidence authorized a finding against B. F. Taylor; and a new trial should have been granted on this ground.

2. One ground of the motion complained of the refusal of the court to dismiss the case on account of an alleged defect in the declaration. An error of this kind can not properly be made the subject of an assignment of error in a motion for a new trial. *Waldrop* v. *Wolff & Happ,* 114 *Ga.* 610(3).

3. A witness was examined by interrogatories, one of which was in the following language: "Please state fully how this contract arose, giving all the details of the transaction? How came the defendant to owe this amount?" Objection was made to the answer to this interrogatory being read, upon the ground that there was nothing in the interrogatory to put the opposite party upon notice of the testimony expected from the witness. The answer to this interrogatory embraced a detailed account of the transactions between the parties relating to the contract alleged in the petition, and the circumstances relied upon as a breach of the same. When the answer is read, it is clear that there is nothing in the question to indicate to the opposite party, who had the right to cross-examine the witness, the character of the testimony that would be elicited by the interrogatory. The rule is that an answer to a general question of this character ought not to be admitted unless the answer relates to matters of which the opposite party had been put on notice by the other interrogatories addressed to the same witness. If the evidence contained in the answer was of a nature not suggested by any of the other interrogatories, this fact of itself would be a good reason for not allowing the answer to be read in evidence. The other interrogatories do not appear in the motion for a new trial, and it can not be determined whether the defendant was put on notice by them as to the testimony which was brought out in answer to the general question. There was probably no error in the judge refusing to reject the answer in the present case, for the reason that it does not appear, from the grounds of the motion, what the other interrogatories were. *White* v. *Jones,* 105 *Ga.* 26(1), and cit. Before the case is tried again the plaintiff will have an opportunity to have new interrogatories sued out, so as to obviate the objection urged against the answer to the general question, in the event it should be a fact that the other interrogatories were not sufficient to suggest the probable answer to the general question.

There being nothing in the evidence to connect B. F. Taylor with

the contract made in the name of Thomas Taylor Jr., such contract should have been excluded from the evidence. As there is nothing to connect the Hogansville Oil Mill with the contract, the letter signed in the name of that company by the witness Davis should also have been excluded, notwithstanding it appeared from the evidence that B. F. Taylor was a part owner of the Hogansville Oil Mill. The testimony of the witness Donigan, taken by interrogatories, as to the shortage in the oil, is on its face hearsay, and should have been excluded, as it is apparent that his information in reference to the contents of the tanks was received from the weighmaster, whoever he might have been, his name not being disclosed. It is also apparent that he did not purport to testify as to the correctness of the account from facts within his own knowledge.

*Judgment reversed. All the Justices concur.*