## PEUGH *v.* CORLEY.

Where cotton in the field is levied on, and a third person interposes a claim but refuses to give a forthcoming bond, upon the termination of the trial of the claim case favorably to the claimant he is not liable for the expense of gathering the crop and putting it into merchantable bales. He is entitled to the return of his property without deduction for such expense.

DECEMBER 12, 1913.

Trover. Before Judge Daniel. Pike superior court. June 25, 1913.

*E. C. Armistead,* for plaintiff.   *J. F. Redding,* for defendant.

EVANS, P. J. A constable levied a mortgage fi. fa. upon a matured crop of cotton, and a claim was interposed. The claimant prevailed, and upon the termination of the litigation demanded of the constable the cotton in his hands, who refused to deliver it unless the claimant paid the expense of gathering, ginning, and baling the cotton. The claimant refused to do this, and brought an action of trover to recover the cotton. By consent the case was tried by the judge without a jury, who rendered judgment for the plaintiff, less the expense of gathering the crop and the costs of suit.

The testimony of the defendant was to the effect that he as constable levied a mortgage fi. fa. against a cropper of the plaintiff on the cotton in the field, told the plaintiff of the levy, and asked him if he wanted to give a forthcoming bond for the cotton. The plaintiff replied that he had more cotton to gather than he could gather for himself. Notwithstanding the defendant's insistence

that the plaintiff give bond for the cotton, he refused to do so. Thereupon the defendant proceeded to gather the crop. The plain-tiff knew he was gathering the crop, and said he was going to let him go ahead and gather it. The plaintiff testified that the defendant gathered the crop without his consent. There was testimony bearing upon the several items of expense, the value of the cotton, and the termination of the claim case in favor of the plaintiff. We do not think that the testimony of the defendant authorized an inference that the crop was gathered on the basis that the plaintiff consented that he would be liable for the expense of doing so. The plaintiff's property was levied on as that of a third person. He filed a statutory claim, and refused to give a forthcoming bond. The necessary expense of protecting the property under levy is chargeable as a part of the cost attending the enforcement of the mortgage fi. fa., but no part of such cost is assessable against the successful claimant. *Ward* v. *Barnes, 95 'Ga.* 103, 106 (22 S. E. 133); *Reynolds* v. *Howard,* 113 *Ga.* 349 (38 S. E. 849). The court erred in deducting from the plaintiff's recovery the expense of gathering the crop and putting it in marketable condition, and also in mulcting the plaintiff in the cost of the trover suit.

*Judgment reversed. All the Justices concur.*