WILKES *v.* CARTER *et al.*

GEORGE, J. N. Wilkes filed a suit in equity against the executor of J. Wilkes and seven named children of J. Wilkes, his heirs at law. The petition alleged, that in 1903 the plaintiff executed a deed absolute on its face to J. Wilkes, and delivered the possession of the land described therein to the grantee; that the deed was intended as a deed to secure a debt and was so accepted by the grantee; that the debt had been fully paid from the rents, issues, and profits received by J. Wilkes in his lifetime and by his executor subsequently to his death; that in 1912 the executor, recognizing the character of the deed and the agreement under which possession was surrendered, advised the plaintiff that the debt had been fully paid from the rents, issues, and profits, and surrendered possession of the land to the plaintiff; that the plaintiff's re-entry was made under the agreement with the executor, but the executor refused to reconvey the premises to the plaintiff, and, on the contrary, had sued out a distress warrant for rent and instituted proceedings to evict the plaintiff as a tenant holding over. The prayers were for injunction and cancellation of the deed. The defendants demurred generally and specially, and in their answer denied the material allegations of the petition. The case was referred to an auditor. After a hearing the auditor made and filed his findings of fact and of law. He did not rule specifically on the defendant's demurrer. The plaintiff, against whom the auditor found generally upon all questions of law and of fact, made a motion to recommit the case to the auditor, and also filed exceptions to the auditor's findings of law and of fact. In the motion to recommit, and in the exceptions, complaint is made that the auditor failed to rule upon the demurrer filed by the defendants, and failed to pass upon certain issues made by the pleadings and evidence; and also that the auditor's findings of fact were contradictory and confusing. The court refused the motion to recommit the case, overruled the exceptions of law, and disallowed the exceptions of fact. The plaintiff excepted, assigning error also upon the final decree in the cause. *Held:*

1. Where a case is referred to an auditor to pass upon all issues of law and fact, it is the duty of the auditor to rule specifically upon all demurrers filed to the pleadings; nevertheless the failure of the auditor to rule upon a demurrer filed by the defendant to the plaintiff's petition will afford the plaintiff no ground of complaint, where the auditor permitted the plaintiff to introduce evidence in support of the allegations of his petition.

2. A deed absolute in form may be shown to have been made to secure a debt where the maker remains in possession of the land conveyed. Civil Code, § 3258; *Mercer* v. *Morgan*, 136 *Ga.* 632 (71 S. E. 1075). But where there is no fraud in the procurement of the deed, and the possession is surrendered to the grantee contemporaneously with the execution of the deed, it is not competent to show by parol that the deed absolute in form was in fact a deed to secure a debt. *Jackson* v. *Gray*, 9 *Ga.* 77; *Lewis* v. *Board of Commissioners*, 70 *Ga.* 486 (3); *Walker* v. *Lastinger*, 141 *Ga.* 435 (3-b), 436 (81 S. E. 203).

3. The auditor, upon conflicting evidence, found specifically that the plaintiff, after having surrendered possession of the land and after having remained out of possession for more than nine years, re-entered as a tenant of the executor of the grantee, and not as claimant or owner of the land. This finding by the auditor was supported by the evidence, and is necessarily controlling. *Peyton* v. *McMillan*, 145 *Ga.* 179 (7), 180 (88 S. E. 937); *Hilton* v. *Haynes*, 147 *Ga.* 725 (3), 727 (95 S. E. 220).

(a) If it be conceded that some of the findings of fact and of law as made by the auditor were confused, nevertheless, the possession of the land having rightfully passed to the grantee in the deed, and the grantor having re-entered merely as a tenant, his effort to reduce the deed to a mortgage or security for debt, by proof of an alleged parol agreement, was unavailing, and he can not recover.

*Judgment affirmed. All the Justices concur.*

No. 1052. JULY 17, 1919.

Exceptions to auditor's report. Before Judge Kent. Laurens superior court. June 15, 1918.

*S. P. New* and *George B. Davis,* for plaintiff.