### 15131. CHAMBERS v. HARLAN FUEL COMPANY.

JENKINS, P. J. While "the statute requires that demurrers, pleas, and answers shall be disposed of in the order named" (*Anderson* v. *Fulton County Home Builders,* 147 *Ga.* 104, 105 (92 S. E. 934); Civil Code of 1910, § 5630), and "a demurrer should be determined before the case is submitted, even though the demurrant and his counsel be absent without leave" (*Vaughn* v. *Farmers & Merchants Bank,* 20 *Ga. App.* 725 (1) (93 S. E. 228) ), still where counsel for both parties are present, announce ready, and enter into a trial before a jury, without counsel for the defendant ever requesting that his general demurrer, previously filed, to the petition be determined, the defendant thereby waives any rights that he might have to a hearing on the demurrer. Where in such a case, after a verdict had been rendered for the plaintiff, the defendant moved in arrest of judgment, not because the petition was fatally defective in failing to set forth a cause of action (see *Kelley* v. *Strouse,* 116 *Ga.* 872 (5 a, 7) 43 S. E. 280), but solely because the "demurrer was not passed on by the court in said case before the same was submitted to the jury," the court did not err in overruling the motion in arrest. See also *Anderson* v. *Fulton County Home Builders,* supra; *Waldrop* v. *Wolff,* 114 *Ga.* 610, 613 (3) (40 S. E. 830).

*Judgment affirmed. Stephens and Bell, JJ., concur.*

DECIDED APRIL 24, 1924.

Complaint; from city court of Atlanta—Judge Reid. October 20, 1923.

*Chambers, Dickey & Chambers,* for plaintiff in error.
*Walter A. Sims,* contra.