## 23977. ROGERS v. ECHOLS.

STEPHENS, J. 1. The answer to a writ of certiorari appearing to have been filed in the superior court the number of days before the term and otherwise as required by law, the judgment overruling the certiorari can not be affirmed upon the ground that the answer of the magistrate was not filed as required by law, and that for this reason the judgment overruling the certiorari was not error.

2. Where personal property is levied upon under a process of the court, it is optional with the defendant to exercise the right given him by law to take possession of the property by giving the required bond. Where the defendant has given such bond, and it has been approved and accepted by the levying officer, and the property is tendered to the defendant, the defendant may, notwithstanding, refuse to accept and take possession of the property, and the property while continuing in the possession of the levying officer is in his possession by virtue of the levy and in his capacity as levying officer. He does not, by the defendant's refusal to accept the property, hold it as bailee or agent for the defendant.

3. Personal property levied upon by a levying officer and turned over by him to another person to keep for him is, as respects the defendant, in the possession of the levying officer through the person to whom the property has been turned over as his agent.

4. Where personal property, such as mules, expensive to keep, as they have to be fed, is levied on, the expense of keeping the property is a part of the court costs to be collected out of the proceeds of sale of the property should the levy be sustained.

5. The owner of personal property levied on who has given the required bond to replevy the property is not required to pay the costs, including the expense of keeping the property while it is under levy and in the possession of the levying officer, as a condition precedent to obtaining possession of the property from the levying officer.

6. Where property levied upon, which consists of mules, is by the levying officer turned over and delivered to another person to be kept by the latter for the levying officer, and is in the possession of the levying officer in his capacity as levying officer, by virtue of the levy, and where, notwithstanding the defendant may have executed the required bond and it has been accepted and approved by the levying officer, and the defendant is entitled to take possession of the property and the levying officer has notified the person having the property in possession to release it to the defendant, and the property, until it is actually released to the defendant, is in the possession of the levying officer by virtue of the levy, and the defendant is entitled to the possession of the property without payment of the costs which have accrued for the care and keep of the property, as, where the property consists of mules, the expense which has been incurred in feeding them where the defendant, after having executed the required replevy bond for the mules and possession of the mules has been tendered to him, delays calling for the mules and fails to obtain possession of them, the person having the mules in possession has no right, as a condition precedent to a surrender of the mules to the defend-

ant, to payment of the expenses incurred in feeding the mules from the time the possession of the mules was tendered to the defendant.

7. Where the person to whom the levying officer had delivered the mules, and who had incurred the expenses of their upkeep, foreclosed upon the mules a livery stableman's lien for the upkeep of the mules for the time the possession of the mules was tendered to the defendant, and the above facts appeared without dispute from the evidence, a verdict and judgment for the defendant was as a matter of law demanded, and the judge of the superior court erred in overruling the defendant's certiorari.

8. Since, under the law and the evidence, a verdict and judgment for the defendant was demanded, and since "the error complained of is an error in law which must finally govern the case" and "there is no question of fact involved which makes it necessary to send the case back for a new hearing before" the magistrate who tried it (Civil Code of 1910, § 5201), direction is given that the judge of the superior court sustain the certiorari and enter a final judgment for the defendant.

*Judgment reversed, with direction. Jenkins, P. J., and Sutton, J., concur.*

DECIDED MARCH 2, 1935.

*G. Fred Kelley,* for plaintiff in error. *John C. Houston,* contra.