## GRANT *v.* GRANT.

JENKINS, Chief Justice. 1. It is the general rule that, where an auditor has failed to make a ruling upon demurrers or other questions of law properly raised, such a failure should be taken advantage of by motion to recommit, and not by an exception of law filed to such report. *Hosher* v. *Fitzpatrick,* 142 *Ga.* 384 (82 S. E. 1065). However, where such a motion to recommit is actually though irregularly urged in connection with an exception of law, this court would ordinarily pass upon the exceptions taken to the order of the lower court overruling such a motion to recommit. But, where, as here, it appears that, in the combined exceptions of law and motion to recommit, the movant has invoked and obtained a ruling on the one identical question which he seeks to have the auditor adjudicate upon its being resubmitted, and since such a judgment by the court would preclude any contrary ruling by the auditor, any necessity for a recommital thus became obviated, and the court did not err in denying the motion to resubmit. The question of law here involved, as adjudicated by the court, will be considered in the next division of the syllabus.

2. Where parties go to trial upon the merits of a case without calling the court's attention to demurrers filed to the pleadings, and without insisting upon a ruling thereon, the defendant thereby waives any rights that he might have to a hearing on the demurrers, and the court does not err in treating them as abandoned. *Chambers* v. *Harlan Fuel Co.,* 32 *Ga. App.* 199 (122 S. E. 802); *Americus Grocery Co.* v. *Brackett,* 119 *Ga.* 489 (7) (46 S. E. 657); *Wilkes* v. *Carter,* 149 *Ga.* 240 (99 S. E. 860). But see, in this connection, *Kelly* v. *Strouse,* 116 *Ga.* 872, 873

(5-a) (43 S. E. 280); *Waldrop* v. *Wolff*, 114 *Ga.* 611, 613 (3) (40 S. E. 830).

3. In an equity case, exceptions of fact to an auditor's report are to be submitted to a jury only when approved by the trial judge; and an order overruling such exceptions will not be reversed by this court if the findings of the auditor are supported by any evidence, even though the evidence may be conflicting. *Mitchell* v. *Turner*, 190 *Ga.* 485 (9 S. E. 2d, 621), and cases cited.

(a) The instant suit, which contained prayers for an injunction and accounting, did not lose its equitable character merely by reason of the fact that the trial court, although finally granting a permanent injunction as prayed for by the petition against her insolvent son, dissolved the temporary injunction pending the hearing of the case by the auditor, conditioned upon the posting by the defendant, in lieu thereof, of an eventual condemnation bond for the profits accruing from the conduct of the business. Therefore, when the trial court declined to approve certain exceptions of fact entered to the auditor's report, the excepting party was not entitled, as in a law case, to have such exceptions of fact tried by a jury.

4. "That the auditor was not properly sworn as provided in the Code, § 10-104, is an irregularity which may be waived by the parties, and in any event it should be taken advantage of by motion to recommit made within twenty days from the date of the filing of the report." *Bickerstaff* v. *Turner*, 188 *Ga.* 37 (2) (2 S. E. 2d, 643). Accordingly, an objection that the record does not disclose that the auditor was properly sworn, cannot be raised for the first time by bill of exceptions to this court.

5. Applying the rules of law above set forth to the facts disclosed by the record in the instant case, it appears that the evidence, though conflicting, supported the findings of fact by the auditor that the beer parlor and dance hall here involved belonged to the plaintiff mother, and that she had never abandoned her right, title, and interest therein to her son, the defendant, but that he had conducted the same merely as her agent; and that the mother was therefore entitled to exclusive possession of the business, as well as title to the fixtures, and to the permanent injunction restraining the insolvent defendant son from interfering therewith; and was also entitled to recover as prayed the small amount allowed out of the profits which the business was shown to have earned under the operation and management of her son as her agent. No contention that the plaintiff was barred by laches was presented by the pleadings, and there is nothing in the evidence to so indicate; and the auditor was authorized to find, as he did, that the business had never been abandoned by the mother.

*Judgment affirmed. All the Justices concur.*

No. 15685. FEBRUARY 7, 1947.

*Aaron Kravitch* and *Casper Wiseman*, for plaintiff in error.
*Lewis A. Mills* and *Julian Hartridge*, contra.