### 18426. CAYLOR et al. v. WHEAT et al.

CANDLER, Justice. Sam Wheat, Claude White, and Grady Strickland, for their own benefit and in behalf of others similarly situated, brought an equitable suit in the Superior Court of Whitfield County against J. C.

Caylor, Erwin Crider, Viola Sulzberger, Johnny Hall, and Hardwick Bank & Trust Company. So far as it need be stated, the petition in substance alleges: Membership of the American Federation of Hosiery Workers, Branch No. 74, an unincorporated association, is made up and composed of the plaintiffs, the defendants, other than Hardwick Bank & Trust Company, and several other unnamed persons. The defendants Caylor, Crider, Sulzberger, and Hall are the officers of the association, and the association has $2,300 on deposit with the defendant Hardwick Bank & Trust Company. The association also owns certain real estate in Dalton, Georgia, reasonably worth $3,000 and a $1,000 war bond. The property of the association accumulated from that fifty percent of the dues paid in and to it by the members thereof which the association had a right to retain and keep for the use and benefit of its members, and such property therefore legally and equitably belongs to the members of the association, they being approximately 72 in number. After the Real Silk Hosiery Mill, their employer, notified them that it would discontinue operations, the members of the association, at a regular meeting, voted to dissolve the association, liquidate its affairs, and distribute its assets among the members thereof. The defendants, other than Hardwick Bank & Trust Company, have wrongfully refused to distribute the association's assets among those members of the association to whom they legally and equitably belong, but they have entered into an agreement with unknown nonresident persons or unknown nonresident unincorporated associations to convert and use the association's assets for the benefit of such nonresident persons or nonresident unincorporated associations, and thus wrongfully withhold them from the members of the association to whom they legally and equitably belong. It is also alleged in the petition that the defendant Caylor, just prior to the institution of this litigation, wrongfully withdrew $500 from the association's deposit with Hardwick Bank & Trust Company, and personally used it for unauthorized purposes. Besides for process, rule nisi and service, the prayers are: that the defendant be enjoined, temporarily and permanently, from interfering with or disposing of the association's assets; that a receiver be appointed to liquidate the·association's affairs and distribute its assets under orders of the court; that the defendants be required to account to the association for its property; that the defendant Caylor be required to account for the $500 he withdrew from the association's bank deposit; that the court determine the amount each member of the association is entitled to receive from its its assets; and that the petitioners have such other and further relief as to the court may seem proper in the premises. The petition was demurred to generally upon several grounds, including one that it failed to set forth a cause of action against the defendants or any of them. These grounds of demurrer were overruled, and to that judgment there is no exception. The petition was also demurred to specially on several grounds, but these demurrers were not passed on by the judge, and his failure to do so is complained of only in the defendants' motion for new trial.

The answer of the defendants, other than Hardwick Bank & Trust Company, denied that the assets of the association upon its dissolution became the property of its members, but averred that the association is

an affiliated subordinate of the American Federation of Hosiery Workers, an international labor organization, and upon dissolution of the association, its officers are required to deliver its assets to the general secretary-treasurer of the parent organization. They also denied that the association had been legally dissolved.

When the case was called for trial in its order on the docket and in its order on a court calendar, which had been published in the county's official gazette as per custom, neither the defendants nor their counsel were present and no reason for their absence was then made known to the court. On his own motion, the judge called another case, the trial of which consumed approximately one and one-half hours. This case was then called again and proceeded to trial in the unaccounted-for absence of the defendants and their counsel. Sam Wheat testified as a witness for the plaintiffs, and the allegations of the petition are supported by his evidence. The verdict was: "We the jury find in favor of the plaintiffs and against the defendants. In addition we find a verdict against J. C. Caylor personally in the amount of $500.00." A decree was pursuantly entered. The court also appointed a permanent receiver.

The defendants, other than Hardwick Bank & Trust Company, moved for a new trial on the usual general grounds. They amended their motion by adding two other grounds. The first special ground alleges that a new trial should be granted movants because Warren E. Hall, Jr., who appeared as counsel for them at the interlocutory hearing of their case, was sick and unable to appear and represent them on the trial. In support of this ground, they attached an affidavit made by Edwin Pearce, a member of the law firm of Poole, Pearce & Hall, in which the affiant stated that Warren E. Hall, Jr., was absent when the case was called for trial because of his serious illness. The other special ground of the motion alleges that a new trial should be granted movants because the judge failed to rule upon their special demurrers to the petition, each of which was meritorious. To this ground they attached a copy of the demurrers. The amended motion was denied and the exception is to that judgment. *Held:*

1. There was sufficient evidence to authorize the verdict, which, having received the approval of the trial judge, will not be disturbed. Hence the general grounds of the motion for new trial are without merit.

2. "It is not sufficient ground for a new trial that counsel for the losing party neglected to either appear or notify the client, where the case was called and tried in its regular order." *Anderson* v. *Fulton County Home Builders*, 147 *Ga.* 104 (92 S. E. 934). While it does appear from the record in the case at bar that Warren E. Hall, Jr., one of the attorneys of record for the losing parties, was absent at the trial because of his illness, yet it also appears from the record that none of the complaining parties nor any one of their other three attorneys of record was present at the trial and no excuse was then or now offered for such absence. The case was tried in its order, and it is an elementary rule of practice in this State that parties and their counsel must attend those sessions of the court in which they have pending litigation, for the purpose of protecting their legal rights. Parties litigant must always pursue their legal remedies diligently. Any other rule would lead to inextricable confusion in the courts and defeat an orderly administra-

tion of justice. Clearly, this special ground of the motion presents no cause for a new trial. See, in this connection, *Donaldson* v. *Roberts,* 109 *Ga.* 832 (35 S. E. 277); *McCandless* v. *Conley,* 115 *Ga.* 48 (41 S. E. 256); *Porter* v. *Parker,* 159 *Ga.* 556 (2) (126 S. E. 381).

3. This court has repeatedly held that the overruling of a demurrer to a petition cannot properly be made a ground of a motion for new trial. *Nicholas* v. *Popwell,* 80 *Ga.* 604 (6 S. E. 21); *Willbanks* v. *Untriner,* 98 *Ga.* 801 (25 S. E. 841); *Shuman* v. *Smith,* 100 *Ga.* 415 (1) (28 S. E. 448); *Southern Ry. Co.* v. *Cook,* 106 *Ga.* 450 (32 S. E. 585); *Equitable Securities Co.* v. *Worley,* 108 *Ga.* 760 (33 S. E. 49). The failure or refusal of the court to pass upon a demurrer is in effect, so far as the defendant is concerned, the same as if the demurrer had been overruled; and the same reason which would prevent an assignment of error on the one ruling from being made a ground of a motion for new trial would make an assignment of error in this way on the other improper. *Waldrop* v. *Wolff,* 114 *Ga.* 610 (3), 613 (40 S. E. 830); *Taylor* v. *Globe Refinery Co.,* 127 *Ga.* 138 (2) (56 S. E. 292).

4. The judgment complained of is not erroneous for any reason assigned.

*Judgment affirmed. All the Justices concur.*

SUBMITTED JANUARY 11, 1954—DECIDED FEBRUARY 9, 1954— REHEARING DENIED FEBRUARY 24, 1954.

*Edwin Pearce, Poole, Pearce & Hall,* for plaintiffs in error.

*R. Carter Pittman, Pittman, Hodge & Kinney, Hardin & McCamy,* contra.