37452. SUNBRAND SUPPLY COMPANY, INC. *v.* GARMENT FINISHING EQUIPMENT CORPORATION.

DECIDED JANUARY 27, 1959—REHEARING DENIED FEBRUARY 5, 1959.

*Parks & Eisenberg, David S. Eisenberg,* for plaintiff in error. *H. Fred Gober, Arnall, Golden & Gregory,* contra.

NICHOLS, Judge. 1. It does not appear, either from the record or the bill of exceptions, that the defendant called its general demurrer to the attention of the trial court or insisted upon a ruling thereon before proceeding with the trial of the case on its merits. "Where parties go to trial upon the merits of a case without calling the court's attention to demurrers filed to the pleadings, and without insisting upon a ruling thereon, the defendant thereby waives any rights that he might have to a hearing on the demurrers, and the court does not err in treating them as abandoned. *Chambers* v. *Harlan Fuel Co.,* 32 *Ga. App.* 199 (122 S. E. 802); *Americus Grocery Co.* v. *Brackett,* 119 *Ga.* 489 (7) (46 S. E. 657); *Wilkes* v. *Carter,* 149 *Ga.* 240 (99 S. E. 860). But see, in this connection, *Kelly* v. *Strouse,* 116 *Ga.* 872, 873 (5a) (43 S. E. 280); *Waldrop* v. *Wolff,* 114 *Ga.* 611, 613 (3) (40 S. E. 830)." *Grant* v. *Grant,* 202 *Ga.* 40 (2) (41 S. E. 2d 534).

Accordingly, no error to which the defendant can except is shown by the assignment of error complaining that the trial court erred in *failing to sustain* its general demurrer.

2. The defendant filed special demurrers to the plaintiff's petition which were ruled on by the trial court, although, as shown above, the general demurrer was not passed upon. Of the defendant's special demurrers which were overruled the defendant only contends in its brief that its special demurrers to the following allegations of the plaintiff's petition should have been sustained: "Defendant was guilty of bad faith in the original transaction, has failed and refused to pay plaintiff's claim, has caused plaintiff unnecessary expense and has been unduly litigious, and plaintiff is entitled to a reasonable attorney's fee of $500 for prosecuting this action, in addition to the $960 which defendant owes plaintiff. Defendant has been deceitful and fraudulent in procuring said order from plaintiff. Defendant represented to plaintiff that it had a branch office at 300 Northwest 29th Street, Miami, Florida, from which an order was received, for the identical machines about which plaintiff and defendant had been in correspondence. When contacted by plaintiff's attorneys, defendant's president, Lawrence Gilbert, stated that the purchaser was an entirely separate and distinct

corporation with no connection whatsoever with defendant and that if anything was owed it was by a separate corporation. Said Lawrence Gilbert admitted at the time of said purchase he was vice-president and Jerome Gilbert, secretary-treasurer of the purchaser, and that both he and said Jerome Gilbert are officers of defendant and were such officers at the time of said purchase. Said Lawrence Gilbert admitted that he had never maintained that a separate corporation by the same name had purchased said machines until suit was threatened. He further denied that he had ever represented that defendant had a branch office in Miami, Florida. Said Lawrence Gilbert, as president of defendant, was guilty of fraud, deceit, deliberate misrepresentation and bad faith. By said actions and misrepresentations, defendant deliberately and wilfully undertook to hinder, delay and defraud plaintiff, its creditor."

"The bad faith which would authorize a recovery of attorney's fees as expenses of litigation is the fraud or bad faith of the defendant in the transaction out of which the cause of action arose. *Twin City Lumber Company v. Daniels*, 22 *Ga. App.* 578 (96 S. E. 437). In an action ex contractu expenses of litigation are recoverable under the above section [Code § 20-1401], where it appears that the contract was entered into in bad faith or was procured by fraud or that the defendant had been stubbornly litigious. *McKenzie v. Mitchell*, 123 *Ga.* 72 (51 S. E. 34); *Lovell v. Frankum*, 145 *Ga.* 106 (4) (88 S. E. 569)." *Bankers Health &c. Ins. Co. v. Plumer*, 67 *Ga. App.* 720, 725 (21 S. E. 2d 515).

In the present case, where the defendant was being sued for allegedly breaching a contract between it and the plaintiff, the above allegations seeking attorney's fees because the defendant had allegedly fraudulently entered into the alleged contract between it and the plaintiff were not subject to the defendant's special demurrer. While not all of the above quoted allegations of the petition dealt with the defendant's actions in entering into the contract with the plaintiff and some of such allegations may have been subject to special demurrer, the special demurrer filed by the defendant attacked the allegations as a whole and not the

individual allegations, and under such circumstances it was properly overruled.

3. The record discloses that at the close of the evidence the defendant made a motion for a directed verdict, and that thereafter it made a motion for a judgment non obstante veredicto. Neither the record nor the bill of exceptions shows the ground or grounds upon which the motion for a directed verdict was made, either by expressly stating those grounds or by showing that the motion for a judgment non obstante veredicto was based on the same grounds as the motion for a directed verdict.

The act of 1953 (Ga. L. 1953, Nov.-Dec. Sess., pp. 440, 444; Code, Ann., § 110-113), as amended by the Act of 1957 (Ga. L. 1957, pp. 224, 236), provides for judgments *in accordance* with motions for directed verdicts in certain cases. Where there has been no motion for a directed verdict a motion for a judgment non obstante veredicto cannot be considered (*Durden* v. *Henderson*, 212 *Ga.* 807, 96 S. E. 2d 362), and in cases where a proper motion for a directed verdict has been made and denied, a motion for a judgment non obstante veredicto can only be considered when it is based on the same grounds as the motion for a directed verdict. See *Grigsby* v. *Fleming*, 96 *Ga. App.* 664 (101 S. E. 2d 217).

Accordingly, in the present case where it does not appear upon what grounds the motion for the directed verdict was made, no question is presented for decision by the assignment of error complaining that the trial court erred in denying the defendant's motion for a judgment non obstante veredicto.

4. The defendant's motion for new trial, which was based on the usual general grounds, was amended so as to amplify such usual general grounds, but no additional questions were presented by such amendment.

While the defendant contends that: "The alleged contract is unreasonable per se and in violation of Sections 1-7 of Title 15 of the United States Code Annotated, said sections being commonly referred to as the Sherman Anti-Trust Laws," it is unnecessary in considering the general grounds of the defendant's amended motion for new trial to consider such contention.

The plaintiff sought to recover, under a purported contract

evidenced by correspondence between the parties, the difference between the price paid for four machines by the defendant and the list price of such four machines because such machines "wound up" in Georgia when under the contract the defendant had no right to sell such machines in Georgia, and the jury found for the plaintiff in the principal amount sued for plus a certain amount as attorney's fees.

On the trial of the case J. Melvin Jones, a witness for the plaintiff, testified that he saw three of the machines in their original crates in Swainsboro, Georgia, and that he later saw these machines in operation there. Lawrence Gilbert, president of the defendant corporation when called for the purpose of cross-examination, testified that the Florida corporation sold the machines to Mr. J. Groce with the Swainsboro, Ga., company. Later on direct examination he testified in explanation of such statement that the machines were sold to M. Nicolelli & Sons, Jacksonville, Florida, by the Florida corporation and that he knew nothing of them going to Georgia. There was no evidence that more than *three* of the machines "wound up" in Georgia, and therefore the verdict finding for the plaintiff the amount alleged to be due because *four* machines "wound up" in Georgia is without evidence to support it. The trial court erred in denying the defendant's motion for a new trial.

*Judgments affirmed in part and reversed in part. Felton, C. J., and Quillian, J., concur.*