39947.   SANDERS v. ALPHA GAMMA ALUMNI CHAPTER OF THE DELTA SIGMA PHI FRATERNITY et al.

DECIDED FEBRUARY 26, 1963.

*Hugh Head, Jr.,* for plaintiff in error.

*T. J. Long, Ben Weinberg, Jr.,* contra.

NICHOLS, Presiding Judge. 1. The plaintiff does not contend that the trial court erred in sustaining the defendants' oral motion to dismiss the petition because the petition set forth a cause of action, but rather contends that under the established law of the case the trial court erred in sustaining such oral motion to dismiss the petition. This contention is based upon the fact that the bill of exceptions on the first appearance of the case before this court stated in part: "(demurrers filed by defendants were submitted by agreement of both parties but were not passed on by the court)", and because the trial court necessarily, in effect, overruled the defendants' demurrers before he proceeded to rule upon the motion for summary judgment. In support of such position the plaintiff cites the cases of *Todd v. Morgan,* 215 Ga. 220 (109 SE2d 803) ; and *Southview Cemetery Assn. v. Hailey,* 199 Ga. 478, 483 (34 SE2d 863). Such cases are not authority for the contention made by the plaintiff, and a comparison of such cases with the situation here presented will show that the last cited case is authority to support the proposition that where a judgment is limited to one specific ground which of necessity excluded other grounds and such judgment is erroneous the other grounds which (if considered) might result in an affirmance will not be considered since they were not passed upon by the trial court.

Where a motion for summary judgment by the plaintiff has

been granted by the trial court, and general demurrers were submitted for judgment, it amounts to a ruling that the petition was not subject to general demurrer. See *Wells v. Wells*, 216 Ga. 384, 385 (116 SE2d 586). In the present case, however, the defendants', not the plaintiff's, motion for summary judgment was erroneously granted and such judgment did not amount to a ruling that the defendants' demurrers were without merit, and as pointed out on the first appearance of this case before this court, supra, a judgment granting a motion for summary judgment to the defendants based on the petition, answer and depositions, will not be affirmed even though the plaintiff's petition itself was subject to general demurrer where the whole record shows that the summary judgment was erroneously granted.

2. The plaintiff also contends that the defendants have abandoned the demurrers by not filing a cross-bill of exceptions when the case was first before this court. "Where parties go to trial upon the merits of a case without calling the court's attention to demurrers filed to the pleadings, and without insisting upon a ruling thereon, the defendant thereby waives any rights that he might have to a hearing on the demurrers, and the court does not err in treating them as abandoned. *Chambers v. Harlan Fuel Co.*, 32 Ga. App. 199 (122 SE 802); *Americus Grocery Co. v. Brackett*, 119 Ga. 489 (7) (46 SE 657); *Wilkes v. Carter*, 149 Ga. 240 (99 SE 860). But see, in this connection, *Kelly v. Strouse*, 116 Ga. 872, 873 (5a) (43 SE 280); *Waldrop v. Wolff*, 114 Ga. 610, 613 (3) (40 SE 830); *Grant v. Grant*, 202 Ga. 40 (2) (41 SE2d 534)." *Sunbrand Supply Co. v. Garment Finishing Equipment Corp.*, 99 Ga. App. 72 (107 SE2d 680). A case does not go to trial when the defendants make a motion for summary judgment, and the defendants did not abandon or waive any demurrers so as to establish the law of the case that their oral motion to dismiss in the nature of a general demurrer could not be considered.

The judgment complained of was not error for any reason assigned.

*Judgment affirmed. Frankum and Jordan, JJ., concur.*