23139. A. A. PARKER PRODUCE, INC. v. MERCER.

Argued September 15, 1965—Decided October 7, 1965.

*Reinhardt, Ireland, Whitley & Sims, John S. Sims, Jr.*, for plaintiff in error.

ALMAND, Justice.   J. B. Mercer filed his petition against A. A. Parker Produce, Inc. in which he alleged: that he filed attachment proceedings against A. A. Parker, a nonresident, in December 1964, which were levied on certain described items of personal property; that the defendant corporation, on December 8, 1964, filed its claim to the property levied upon.   Subsequently, the plaintiff obtained a money judgment of $7,746.56 against A. A. Parker.   A verdict was returned finding against the claim of the defendant and a judgment entered ordering that the property levied upon be sold.   On May 1, 1965, the Bank of Tifton filed its claim to the property levied upon.   It gave a claim bond, but failed to give a forthcoming bond.   The items of personal property are in the possession of the defendant even though it has been adjudicated that the defendant has no right or title in said property.   It was alleged that the defendant was insolvent. The prayers were that a receiver be appointed to take charge of the items of personal property and to enjoin the defendant from moving or using the property.

On this petition the court granted a rule nisi.   On July 27, 1965, the defendant filed its general demurrer to the petition. On July 31, 1965, the court passed an order reciting "From the reading of the verified petition of the plaintiff herein, good reasons appearing, and it appearing necessary and proper therefor" and appointing the Sheriff of Colquitt County receiver directing him to take into his possession the described items of personal property and keep them until further order of court, and further directing the defendant to show cause on August 23, 1965, why the order should not remain in full force.   The court did not render any judgment on the demurrer.

In its appeal from the order the defendant enumerates the following errors: (1) error in overruling the general demurrer; (2) error in appointing a receiver.

1.   Under the allegations of the petition the items of personal property under levy were in the actual possession of the defendant who had been adjudicated to have no right of ownership, interest or right of possession.   The property was in the constructive possession of the sheriff who was responsible for its safekeeping pending the trial of the Bank of Tifton's claim.   *Cape Fear*

*Steamboat Co. v. Bartholomess,* 67 Ga. 452; *James v. Pepper,* 10 Ga. App. 266 (73 SE 407); *Rogers v. Echols,* 50 Ga. App. 711 (179 SE 131).

Under the facts alleged in the petition, the Sheriff of Colquitt County, in the absence of a forthcoming bond in the claim case, was responsible for the safekeeping of the items of personal property levied upon.

Every court has the power to control, in furtherance of justice, the conduct of its officers and all other persons connected with a judicial proceeding before it and in every matter appertaining thereto. *Code* § 24-104. The law places a duty upon the sheriff where a claim is filed to personal property upon which he has levied a fi. fa., when a forthcoming bond has not been given, to keep and conserve the property until the claim is disposed of. *Code* §§ 39-804, 39-805. If by allowing the property levied upon to remain in the actual custody of a third person, the sheriff causes injury to the rights of the plaintiff in fi. fa., the latter has an adequate remedy at law by seeking a rule against the sheriff. *Code* § 24-202; *Wakefield v. Moore,* 65 Ga. 268.

The extraordinary remedy of receiver does not lie in favor of one who has an adequate remedy at law. *Branan v. Baxter & Co.,* 122 Ga. 222, 226 (50 SE 45); *Booth & Co. v. Mohr & Sons,* 122 Ga. 333 (2) (50 SE 173).

The allegations in plaintiff's petition (on which the record shows a receiver was appointed) disclose that the plaintiff has an adequate remedy at law and it was error to appoint the sheriff as receiver of the property levied upon.

*Judgment reversed. All the Justices concur, except Mobley, J., not participating for providential cause.*