23441. NASH et al. v. CROWE.

DUCKWORTH, Chief Justice. The appeal is from a final decree authorizing the sale of real property held by a life tenant, with permission of a vested remainderman, divesting all parties including certain possible contingent remaindermen, including born and unborn children who would take should the life tenant die leaving no descendants, wherein the funds were ordered re-invested. *Held:*

1. The failure to rule upon the general demurrer to the petition is enumerated as error. This court reviews rulings, and a failure to rule when there was no request therefor will not be reviewed by this court. Entering upon the trial without insisting upon a ruling on the demurrer was a waiver of that demurrer. *Chambers v. Harlan Fuel Co.*, 32 Ga. App. 199 (122 SE 802); *Grant v. Grant*, 202 Ga. 40 (41 SE2d 534). Where, as here, the petition did not sufficiently allege grounds for selling the life estate and the remainder, and re-investing the proceeds; yet upon the trial evidence was introduced without objection showing unproductivity of the land, taxes and expenses exceeded the income, the improvements were deteriorating, and the proceeds would be safely and profitably invested, grounds for such sale were shown, and the deficiency of the petition was cured. Had there been objections to the evidence, presumably the petition would have been amended to conform to the evidence. *Haiman & Brother v. Moses & Gerrard*, 39 Ga. 708; *Mathis v. Holcomb*, 215 Ga. 448 (111 SE2d 50). Therefore, in reviewing the final decree, the assertion that it is not based upon proper pleadings is without merit.

2. The court correctly construed the will of the deceased to leave a life estate in his wife, a vested remainder in their child or children, subject to be divested should they have no children or descendants of children living at her death, in which event he provided for a contingent beneficiary in the appellants or their children. *Code* §§ 85-703, 85-706, 85-708. See *Vickers v. Stone*, 4 Ga. 461; *Dutton v. Nash*, 186 Ga. 292, 295 (197 SE 637); *Powell v. McKinney*, 151 Ga. 803 (108 SE 231); *Britt v. Fincher*, 202 Ga. 661, 664 (44 SE2d 372).

3. Considering all the evidence before the court in which there was some conflict, the court did not err in rendering the decree authorizing the sale and re-investment when it was shown that the value of the land was due to speculation and not

productivity, the taxes and upkeep exceeded the income, the improvements thereon deteriorating and being almost uninhabitable. Since there was ample evidence to support the decree, the specification of error that the property was enhancing in value rather than depreciating was not meritorious. *Cooney v. Walton,* 151 Ga. 195 (106 SE 167); *Webb v. Jones,* 221 Ga. 754 (146 SE2d 910).

*Judgment affirmed. All the Justices concur.*

ARGUED MAY 9, 1966—DECIDED MAY 26, 1966.

*Duncan & Wall, R. F. Duncan, J. J. Wall,* for appellants.
*Stark & Stark, Homer M. Stark, Hope D. Stark,* for appellee.