43368. SOUTHERN FINANCE COMPANY v. GLAZE.

SUBMITTED JANUARY 12, 1968—DECIDED FEBRUARY 14, 1968.

*C. Winfred Smith,* for appellant.

*Robinson, Thompson, Buice & Harben, C. Frank Strickland, Jr.,* for appellee.

QUILLIAN, Judge. ■ The defendant filed general and special demurrers to the petition and contends that the court erred in overruling the demurrers to the petition; however, the Clerk of Hall Superior Court has certified that there was no separate ruling on demurrers in this case. "Where parties go to trial upon the merits of a case without calling the court's attention to demurrers filed to the pleadings, and without insisting upon a ruling thereon, the defendant thereby waives any rights that

he might have to a hearing on the demurrers, and the court does not err in treating them as abandoned." *Sunbrand Supply Co. v. Garment &c. Corp.*, 99 Ga. App. 72, 73 (107 SE2d 680). Nevertheless, in the instant case the judgment recites that there had been a hearing on the demurrers, and the trial judge then proceeded to find for the plaintiff. Thus, in essence there was an insistence on the demurrers, and the judgment for the plaintiff was tantamount to an order overruling the general demurrers. See *Sanders v. Alpha Gamma Alumni Chapter*, 107 Ga. App. 403, 404 (130 SE2d 255); *Caylor v. Wheat*, 210 Ga. 429, 432 (3) (80 SE2d 688); *Wells v. Wells*, 216 Ga. 384, 385 (116 SE2d 586). We therefore consider the enumeration of error complaining of the failure to sustain a general demurrer to the petition.

In the judgment the trial judge held: "If there were no question as to any misfeasance or nonfeasance on the part of the sheriff the plaintiff herein would be entitled to recover its storage charges from Southern Finance Company; to hold otherwise would be to hold that the sheriff is an insurer in such cases independent of liability on the part of the party who initiates the litigation." We cannot agree with this conclusion.

Of course, the sheriff is not an insurer; however, he does have the duty of preserving and storing all property which by virtue of legal process is committed to his care. *Ward v. Barnes*, 95 Ga. 103, 105 (22 SE 133). See in this connection, *Houser v. Williams*, 84 Ga. 601 (11 SE 129). Where personal property is levied on, the expense of keeping it is a part of court costs to be collected out of proceeds of sale should the levy be sustained. *Rogers v. Echols*, 50 Ga. App. 711 (4) (179 SE 131).

The party cast in a suit is liable for the court costs. *Reynolds v. Howard*, 113 Ga. 349 (1) (38 SE 849). "The necessary expense of protecting the property under levy is chargeable as a part of the cost attending the enforcement of the mortgage fi. fa., but no part of such cost is assessable against the successful claimant." *Peugh v. Corley*, 141 Ga. 135, 136 (80 SE 633). Thus, ordinarily the costs may not be sought from the successful party in a foreclosure proceeding.

Here, there are no allegations regarding upon whom the costs

of the foreclosure proceeding were cast. Indeed, apparently from what appears in the petition, Southern Finance Company was the successful party to the proceeding. While a levying officer (and therefore his bailee) is entitled to reimbursement for necessary and reasonable expenses incurred in keeping and protecting the property, under the averments of this petition there is no showing that the bailee (plaintiff) was authorized to seek such reimbursement directly from this defendant.

Hence, the trial judge should have sustained the general demurrer to the petition.

*Judgment reversed. Bell, P. J., and Hall, J., concur.*